SUMNER LUMBER COMPANY, A CORPORATION, *Plaintiff in Error,* v. GEORGE W. MILLS, *Defendant in Error.*

1. The jurisdiction of courts is regulated by the constitution or by statutes enacted pursuant to the constitution.

2. In actions for injuries to property the jurisdiction of the court depends upon the amount or value of the demand in good faith made by the plaintiff.

3. If double damages in good faith claimed under a statute cannot exceed one hundred dollars, the Circuit Court is without original jurisdiction of the cause.

33—Vol. 64.

4. Where it does not appear from the declaration, but the evidence shows, that the court is without jurisdiction of the cause of action stated, the court should dismiss the cause upon its attention being directed to the absence of jurisdiction as disclosed by the evidence.

5. In an action to recover double damages under the statute for the killing of a cow by a train, when the value of the animal is not alleged in the declaration, and the *ad damnum* claims $500.00 damages, if the plaintiff testifies that he demanded and claimed only $50.00 as the value of the cow, and another witness for the plaintiff testifies that "he judged its market value to be about fifty or sixty dollars," such evidence clearly indicates that the demand in good faith made does not exceed $50.00 and that double damages would not exceed $100.00, therefore the Circuit Court is shown to be without original jurisdiction and the cause therein should be dismissed.

SHACKLEFORD, C. J., AND COCKRELL, J., dissent

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Hocker & Duval,* for Plaintiff in Error;

*Davis & Martin,* for Defendant in Error.

WHITFIELD, J.—This action was brought in the Circuit Court for Marion County. The declaration alleges the killing of a cow by the engine and cars of the defendant Lumber Company, and double damages were claimed under the statute, the railroad not being fenced. Damages, costs and attorneys fees were claims in the sum of

five hundred dollars.  There was judgment for the plaintiff in $100.00 as damages and $40.00 attorney's fees.

On writ of error taken by the defendant it is contended that the Circuit Court did not have jurisdiction of the subject-matter, because "the demand or value of the property does not exceed $100.00," which is the minimum limit of the trial jurisdiction of the Circuit Courts.

The jurisdiction of courts is regulated by the constitution or by statutes enacted pursuant to the constitution. In cases of this character the jurisdiction of the court depends upon the amount or value of the demand in good faith made by the plaintiff.  If the double damages in good faith claimed cannot exceed one hundred dollars, the Circuit Court is without original jurisdiction of the cause, as justices of the peace and county judges have trial jurisdiction in this class of cases where "the demand or value of the property involved does not exceed $100.00."  The constitution expressly limits the exclusive original jurisdiction of Circuit Courts in actions at law to cases "not cognizable by inferior courts," and the constitution and statutes do not give to the Circuit Courts concurrent original jurisdiction with inferior courts in actions at law of this character.  See Seaboard Air Line Ry. Co. v. Maxey, decided at this term.

Where it does not appear from the declaration, but the evidence shows, that the court is without jurisdiction of the cause of action stated, the court should dismiss the cause upon its attention being directed to the absence of jurisdiction as disclosed by the evidence.

The declaration in this case does not allege the value 'of the cow killed by the defendant's train, but it referred to the demand for payment made upon the defendant under the statute, the failure to comply with which demand is the basis of the statutory claim for double dam-

ages, and the plaintiff himself testified at the trial that the cow was worth "fifty dollars to him, if anything at all;" thereupon the defendant challenged the jurisdiction of the court, as it also did in a demurrer to the evidence and in a motion in arrest of judgment. While one of the plaintiff's witnesses testified in a general way as to the value of the cow, that "he judged its market value to be about fifty or sixty dollars," the plaintiff himself testified that he demanded and claimed only fifty dollars for the value of the cow.

In this action, which is highly penal in its nature, to recover double damages as provided by statute, the claim presented under the statute for payment, and the testimony of the plaintiff at the trial as to his claim and as to the value of the cow, must be deemed to be the amount or value of the demand in good faith asserted; and that demand determines the jurisdiction of the court. The claim and demand made by the plaintiff himself being $50.00, as the value of the cow, double damages would be $100.00, which is not within the original jurisdiction of the Circuit Court. This is not a case in which a *bona fide* demand for damages in excess of $100.00 is made and a recovery is had for an amount not exceeding one hundred dollars. In such a case the court would have jurisdiction even though the amount awarded is below the jurisdictional amount. The statute allows a reasonable attorney's fee to be determined by the court and included in the costs assessed in the cause, and costs do not affect the jurisdiction of the court. Seaboard Air Line Ry. Co. v. Maxey, *supra*.

The judgment is reversed.

Taylor and Hocker, J. J., concur.

COCKRELL, J., dissenting.

I think the case before us may be differentiated from our conclusion in Seaboard Air Line Ry. v. Maxey.

The Circuit Courts are with us the courts of most general jurisdiction, which will be assumed unless lack of jurisdiction plainly appears. In the case before us the declaration places no specific value upon the cow killed, and the only statement of the amount of the loss is in the *ad damnum*, which places it at five hundred dollars, an amount easily within the jurisdiction of the court. It is true that during the course of the trial Mills testified the cow was worth fifty dollars to him, if it was worth anything at all; but further testified that he would not have sold her. There was other evidence from which the jury might have found the value of the animal killed to exceed fifty dollars.

The declaration stated a case within the jurisdiction of the court, and there was no plea to the jurisdiction. If good faith be accepted as the test whereby to determine jurisdiction of this class of courts, I cannot say but that although in the claim presented to the company the cow was valued at only fifty dollars, the plaintiff, by reason of the peculiar wording of the statute, section 2871, Gen. Stats., allowing damages for double the *value* of the animal killed, may in good faith have considered himself entitled to more than one hundred dollars.

In dealing with the jurisdiction of the Circuit Courts, which under our system is most closely allied to that formerly possessed by the Court of King's Bench (Taylor v. State, 49 Fla. 69, text 77, 38 South. Rep. 380), we must give to its assertion of jurisdiction, as well as to its refusal to surcease jurisdiction, every intendment; especially when the supposed lack of jurisdiction depends upon

a matter *in pais,* and this applies even upon direct attack by writ of error or appeal. The declaration stating a case within its jurisdiction, we should leave largely to that court the privilege of asserting its dignity, should it be trifled with.

SHACKLEFORD, C. J., concurs in this dissent.