A. Mortellaro & Co., a Copartnership Consisting of A. Mortellaro, O. Mortellaro and F. Valente, *Plaintiffs in Error*, v. Atlantic Coast Line Railroad Company, a Corporation, *Defendant in Error.*

Division A.

Opinion Filed January 30, 1926.

*Borchardt & Borchardt* and *T. M. Shackleford, Jr.,* for Plaintiffs in Error;

*Kelly & Sutton,* for Defendants in Error.

BROWN, C. J.—This is an action to recover for damages to an automobile delivery truck injured in a collision with a freight train of the defendant railway company at the crossing of Sixth Avenue and Eighteenth Street in the City of Tampa. The amount of damages claimed was stated generally in the sum of One Thousand .($1,000.00) Dollars. In the first count the damages are alleged at Two Hundred Six and 20/100 ($206.20) Dollars, the amount paid out for actual repairs, and Three Hundred ($300.00) Dollars for damages to the truck still existing after the repairs were made. The evidence did not sustain this latter item. There was also a claim of damages to the amount of Two Hundred Fifty ($250.00) for loss of business by the plaintiffs during the two weeks that the truck was out of use. This latter claim is set out in the first count and was stricken before the trial on motion of the

defendant. It was alleged that the plaintiffs used this truck for delivering their goods in the conduct of their business. The plaintiffs would have been entitled to recover upon proof of damage to the truck as a proximate result of the negligent running of defendant's train as alleged, upon common law principles of liability, whatever amount it was necessary for them to expend for the *rent or hire* of a truck or other suitable vehicle with which to perform the services usually performed by the damaged truck during the period of repair, provided proper claim had been made therefor in the declaration, and provided further that they were not found to be chargeable with contributory negligence with reference to the damage done to such truck.

In the case of F. E. C. Ry. Co. v. Smith, 61 Fla. 218, 55 So. 871; it was said that, inasmuch as the general rule, in the absence of statute, precluded any recovery whatsoever by a plaintiff whose own negligence contributed to causing the injury or damage complained of, where a plaintiff was guilty of contributory negligence, he could not recover any *loss of profits* resulting from the damage done to his property, because our statute of contributory negligence, or apportionment of damages therefor, (see Section 4965, Rev. Gen. Stats. 1920) only applies to "damages for injury to the plaintiff or his property."

But, aside from the question of contributory negligence, which is defensive matter, the court was without error in striking the claim for *loss to plaintiffs' business* by reason of the damage to the truck, which is tantamount to a claim for loss of profits, on the facts alleged in the declaration, and under the former decisions of this court, and those of other jurisdictions. See J. T. & K. W. Railway Co. v. Peninsular Land Etc. Co., 27 Fla. 1, 9 So. 661; Williams v. A. C. L. R. Co., 56 Fla. 735, 48 So. 209, 24 L. R.

A. N. S. 134; F. E. C.·Ry. Co. v. Peters, 72 Fla. 311, p. 371, 73 So. 151, 168 Ann. Cases 1918 D, 121, and 77 **Fla.** 411, 83 So. 559; 80 Fla. 382, 86 So. 217; Jacksonville Electric Co. v. Batches, 54 Fla. 192, 44 So. 933; 17 C. J. 715, 785-8; 4 Sutherland on Damages, 4th Ed., section 1102, p. 4195. And if there had been error, it would have been cured by plaintiffs' evidence, which showed contributory negligence, and when the plaintiffs' evidence so shows, the defendant can take advantage of it without having specially pleaded it.

It is contended that as the claim for this item of damages was also embraced in the second count, to which no motion or ruling was addressed, objection thereto was waived. The allegation referred to in the second count was vague and insufficient, being in these words: "and he has since sustained the damages aforesaid for the loss of the use of said truck to his business." Each count should be so framed as to stand on its own bottom, and if it is desired to embrace an allegation contained in another count, the allegation so adopted should be definitely pointed out, so that there can be no reasonable ground for mistake as to exactly what allegation or allegations are adopted.

At the close of the plaintiffs' evidence in this case, the court instructed the jury to return a verdict in favor of the defendant, which action of the court is assigned as error. The evidence discloses that the defendant was backing a freight car across the intersection of two streets in the City of Tampa, without having given any warning by bell or whistle or flagman, or otherwise; that one of the plaintiffs was driving an automobile truck and approaching the crossing at a slow rate of speed, in broad daylight; that the view of trains approaching the crossing was partly obstructed by buildings and by standing freight cars on a side track, all of which the driver dis-

cerned; that as he approached the crossing he heard no signals; that he drove his car onto the crossing slowly and upon reaching the second or main line track, he saw the freight car, about eight feet away, approaching along the track towards his truck; that on discovering his imminent peril he jumped from his truck and left the motor running and the truck in motion, and the moving car came into collision with the truck, causing the damage complained of.

This evidence tends to show that the defendant railway company was guilty of negligence which proximately contributed to the damage to the truck. See Florida Central Electric and P. R. Co. v. Foxworth, 41 Fla. 1, 25 So. 338; L. & N. R. R. Co. v. English, 78 Fla. 211, 81 So. 819; S. A. L. R. R. Co. v. Callan, 73 Fla. 688, 74 So. 799.

The evidence also tends to show that the driver of the truck was guilty of contributory negligence. He saw the conditions at the crossing, which obstructed the view of approaching train, and the evidence also tends to show that if he had looked up the track sooner, after having gotten on the first track and about opposite the end of the string of standing cars, before attempting to cross the main line track, he could have seen the approaching freight train in time to have stopped his truck and avoid collision. It appears from the evidence that he did not look in that direction until he was on the main line track, when it was too late for him to avoid the collision.

Under this state of facts, the case should have been given to the jury. From this evidence it cannot be said *as a matter of law* that the negligence of the driver of the truck was the *sole proximate cause* of the collision and damage. There are facts in this case which distinguish it from the case of S. A. L. Ry. Co. v. Tomberlin, 70 Fla. 435, 70 So. 437; L. & N. R. R. Co. v. Padgett, 71 Fla. 90, 70 So. 998;

and Tampa Electric Co. v. Bourguardez, 72 Fla. 161, 72 So. 668.

It is contended by defendant in error that the error of the court, if any, in giving the affirmative instruction was cured by the fact that the amount of recoverable damages in this case is less than the minimum jurisdiction of the court. However, we are convinced that the allegation as to damages amounting to a sum within the jurisdiction of the court was made in perfect good faith, although upon the trial it developed that the amount of recoverable damages was less than $500.00. The jurisdiction of the court is to be determined by the sum in good faith demanded or actually put in controversy, and not by the amount of the recovery. F. C. & P. R. Co. v. Seymour, 44 Fla. 557, 33 So. 424; S. W. L. Ry. Co. v. Ray, 52 Fla. 634, 42 So. 714. On the other hand the amount of damages stated in the *ad damnum* clause of a declaration does not determine the jurisdiction of the court when it appears that the real demand or value of the property involved otherwise clearly appears and the *ad damnum* is in excess of the real demand. S. A. L. Ry. Co. v. Maxie, 64 Fla. 487, 60 So. 353; Sumner Lumber Co. v. Mills, 64 Fla. 513, 60 So. 757; Director General v. Wilford, 81 Fla. 430, 88 So. 256.

The judgment of the court below will be reversed and the cause remanded.

ELLIS AND STRUM, J. J., concur.

WHITFIELD, P. J., AND TERRELL, J., concur in the opinion.