87 So.2d 413 (1956)
Enrico TANTILLO and Sylvia Tantillo, his wife, Petitioners,
v.
Harry MILIMAN, doing business as House Beautiful Furniture Company, Respondent.
Supreme Court of Florida. Special Division B.
May 2, 1956.
*414 Robert King High, Miami, for petitioners.
Starr W. Horton, of Horton & Horton, Miami, for respondent.
THOMAS, Justice.
The petitioners, who were then plaintiffs, instituted an action in the Circuit Court of the Eleventh Judicial Circuit against the respondent, then defendant, in which each of them claimed damages "in excess of" $5000 for malicious prosecution. Issues were formed by the defensive pleadings, and the trial commenced in the circuit court before a jury. At the conclusion of the plaintiffs' testimony, the defendant requested the court to charge the jury to return a verdict in his favor on the ground among others, that the amount involved was insufficient to vest in the court jurisdiction of the cause.
The judge then entered an order in which he expressed the opinion that no factual basis had been developed for a claim by either of the plaintiffs, whose claims he thought were separate and misjoined, in an amount exceeding $5000, but that this and the other grounds on which the motion was founded did not justify a directed verdict. In the order he declared a mistrial and, under 30 F.S.A. Rule 1.39(b), 1954 Rules of Civil Procedure, he transferred the case to the Civil Court of Record of Dade County, Florida, there to be tried as if it had been commenced in that court.
The rule simply provides that "If at any time it should appear that a suit is pending in the wrong court of any county it may be transferred to the proper court within said county * * *."
Before discussing the vital problem involved here we announce the view that the judge's action in transferring the case is properly reviewable by certiorari because, though the controversy was concluded so far as the circuit court was concerned, there had been no such an adjudication as would support an appeal. Sec. 59.02(1), Florida Statutes 1953, and F.S.A. Nor was the order in a true sense interlocutory because if it was correctly entered, all future jurisdiction will be exercised by an entirely different court. Of course, there is no right to appeal from an interlocutory order entered in a common law case. If the petition for certiorari is not entertained, the petitioners will have no choice but to enter the civil court of record, secure an adjudication, and if unfavorable, then be required to return for review to the very court which had sent them there. In the event of an adverse ruling in the circuit court, then acting as an appellate court, there could be no final review in the supreme court except via certiorari. This possible circuitous route convinces us that we should entertain the petition and decide whether or not the petitioners have sufficiently shown that the circuit judge failed to observe the essential requirements of law and justice when he entered the order of transfer. First Nat. Bank of Gainesville v. Gibbs, 78 Fla. 118, 82 So. 618.
It is the rule that a judgment of a subordinate court will not be reviewed here on appeal unless there is a final adjudication of the cause, and incidentally, that the judgment of an intermediate appellate court may not be reviewed, by certiorari, unless it disposes of the litigation leaving nothing to be done in the trial court but to put into effect the mandate. Brundage v. O'Berry, 101 Fla. 320, 134 So. 520. We have been chary of recognizing exceptions to the rule, but because of the nature and effect of an order of transfer, it being in one sense final though in another preliminary, and because of the want of a practical method of review, as we have said, we think that certiorari may be properly sought by the petitioners. This procedure seems to have been approved in Caudell v. Leventis, Fla., 43 So.2d 853.
*415 The ruling in that case is authority for approval of the procedure but it helps us none in the solution of the present case so far as the merits, as distinguished from the procedure, are concerned. This court held that the circuit judge had no power to transfer a case to the civil court of record so a writ of certiorari was granted and the order of transfer was quashed with directions to reinstate the case and dismiss it. Since the decision was rendered, the court has adopted Rule 1.39(b), supra, which seems to have supplied the circuit judge, who presided in the instant case, the power the circuit judge lacked in the cited case.
We may confine our further study and discussion to the propriety of the order relegating the controversy to the civil court of record, and the criticism of the petitioners that in taking that course essential requirements of law were not heeded. We have quoted from the order the judge's comment that the causes were improperly joined. Whether or not this question was presented when the pleadings were tested, we cannot ascertain from the record furnished us, but we do know that a motion to dismiss was filed because of the recital in the "ORDER ON PLEADINGS" that the hearing of such a motion and the legal questions raised by it were deferred until the holding of a pre-trial conference.
It would probably have been better practice to decide at that point in the case whether or not there had been a misjoinder of causes of action, even though the rule contains the provision that if it appears "at any time" that a suit is pending in the wrong court, it may be sent to the right one. As each one of the petitioners was claiming "an excess of" $5000, it could have been more easily determined if the amount claimed in good faith by each was over or under $5000, the jurisdictional boundary between the two courts. Decision of the point was particularly important in an action of this kind, malicious prosecution, because of the inexactness of proof of damage and because of the rule that in such a case the "fixing of the amount of damages [is] peculiarly within the province of the jury." Maiborne v. Kuntz, Fla., 56 So.2d 720, 722.
Inasmuch as the jury had the peculiar responsibility of setting the amount of recovery, we think that the judge did not follow the essential requirements of law when so late in the trial, at the conclusion of the plaintiffs' testimony, he stated his reasons, which were not without merit, for the conclusion that there was no "evidentiary basis for the assertion in good faith of a claim for damages in excess of $5000" and transferred the cause. We have italicized the words which, we think, are particularly relevant to the rule applicable in this case.
It is indispensable that the amount sought in order to invoke the jurisdiction of a court must be claimed in "good faith." "The jurisdiction of the court is to be determined by the sum in good faith demanded or actually put in controversy, and not by the amount of the recovery." A. Mortellaro & Co. v. Atlantic Coast Line R. Co., 91 Fla. 230, 107 So. 528, 530. The jurisdiction depends, said this court in Knudsen v. Green, 116 Fla. 47, 156 So. 240, 242, "not upon the amount of damages which is actually recoverable as a matter of law, but is determined by the sum in good faith demanded or actually put in controversy."
Evidently the judge thought some recovery might be justified because he denied the motion of the respondent to instruct the jury to return a verdict of not guilty and, of course, the very order of transfer indicated that the petitioners were entitled to a trial of their claims elsewhere.
We are directed to nothing in the record showing that the petitioners did not initially make their demand in good faith, although it may have developed during the trial that the amount recoverable was "less than the minimum jurisdiction of the court." A. Mortellaro & Co. v. Atlantic Coast Line R. Co., supra.
In the absence of any such information, and in a case of this kind, we think *416 that the judge would have complied with the essential requirements of law and justice by submitting the issues to the jury after the case had progressed to the point when the testimony of the defendant was due. At that time it is evident that the judge thought some amount was properly recoverable, but the thought that any such recovery would be less than the minimum jurisdiction of the court would not indicate that at the time the action was brought the claim had been padded for the purpose of invoking the jurisdiction of the circuit court.
The petition for certiorari is granted and the order is quashed with directions to reinstate the case.
DREW, C.J., O'CONNELL, J., and ANDERSON, Associate Justice, concur.