CARROLL, CHAS., Judge.
By petition for certiorari, the plaintiff in a distress action in the circuit court in Dade County seeks review of an order which found the sum involved was below the $5,-000 minimum jurisdictional amount of that court, discharged the distress warrant and transferred the cause to the civil court of record.
*857 The petition discloses that in a lease between the parties, under which the petitioner was lessor and the respondents were the lessees, a default occurred, consisting of a failure to pay $133 of a monthly rental payment of $250, for which default the lessor contended it was entitled to and did elect to accelerate the remaining rental of $7,000 for the balance of the 5-year term of the lease, and caused a distress warrant to issue for the same in the proceeding in the circuit court.
The lease, which was of a luncheonette premises on Miami Beach, was for a 5-year term beginning October 1, 1956, with an option to renew the lease for an additional term of 5 years. It provided for payment of a total rental of $15,000, payable at the rate of $250 per month.[1] It was recited therein that the lessor had received $500 as security “for the faithful performance of the lease.” The lease contained a provision for acceleration of “the entire rent for the rental period then next ensuing.”[2]
The lessees answered, admitted the default of $133 rent for the month of April 1959, and denied that $7,000 or any other sum of rent was due by acceleration. Lessees then moved for summary judgment. The court granted the motion, and entered a judgment entitled, “Partial Summary Judgment Discharging Warrant and Transferring Cause,” which read as follows:
“This Cause came on to be heard upon the Amended Distress Affidavit of the plaintiff and Amended Distress Warrant issued herein on July 1, 1959, and Answer of the defendants, Isidor Ullman and Yetta Ullman, his wife, and the latter’s Motion for Summary Judgment, and upon argument of counsel and the court being fully advised in the premises, finds as follows:
“1. That the Distress Warrant was improperly issued as the court does not have jurisdiction of the cause.
“2. It affirmatively appears that the plaintiff’s maximum claim for which distraint proceedings could have been properly instituted was in the sum of $383.00, represented by $133.00 as the balance of the rent for the month of April, 1959, and $250.00 for the month of May, 1959.
“Accordingly, it is
“Ordered and Adjudged as follows:
“1. That the Distress Warrant heretofore issued in this cause directed to the defendants, Isidor Ullman and Yet-ta Ullman, his wife, is hereby vacated, set aside and discharged, and the levy made pursuant to said Distress Warrant is hereby vacated, set aside and discharged.
“2. That the above cause is hereby transferred at the cost of the plaintiff to the Civil Court of Record for further proceedings.”
The circuit court held that, under the wording of the acceleration provision, the acceleration would apply only to the next month’s rent of $250. The court found that $133 of rent was in default, which with $250 accelerated rent for the next month aggregated $383, which the court held was “the maximum claim for which distraint *858 proceedings could have been properly instituted.”
The lessors, so far as the record reveals, proceeded in the circuit court in good faith on the theory that the amount they were entitled to sue for satisfied the jurisdictional requirements of that court. Because of the peculiar wording of the acceleration clause in the printed form lease, we are not convinced that the learned circuit judge did not place thereon a correct construction when he construed the lease to authorize acceleration for the next month and not for the balance of the term. It was a close question, and certainly not one which was clear on the face of the document. Much could be said in favor of the construction contended for by the lessor. It took the exercise of the circuit court’s jurisdiction to construe a doubtful provision of the lease and place a meaning thereon, before it appeared that the lessor was not entitled to recover an amount large enough to fit the court’s jurisdictional requirements. Under those conditions, the circuit court had, and exercised jurisdiction, and was authorized to render judgment, for such amount as the court should find to be due, based on its decision as to the meaning of the contract. See Sumner Lumber Co. v. Mills, 64 Fla. 513, 60 So. 757; A. Mortellaro & Co. v. Atlantic Coast Line R. Co., 91 Fla. 230, 107 So. 528; Knudsen v. Green, 116 Fla. 47, 156 So. 240; Tantillo v. Miliman, Fla.1956, 87 So.2d 413.
The distress warrant and levy should not have been set aside and discharged, but should have remained effective for its then limited use. Therefore, it was error to hold, as the trial court did, that the distress warrant was improperly issued. It was issued on the theory and belief, which was not without some justification until the court construed the contract otherwise, that the lease provided an election to accelerate the rent for the balance of the period of the lease. The circuit court’s holding, that acceleration could be only for the next month’s rent, made the distress warrant for $7,000 an excessive one. The effect thereof, on the question of whether the warrant was improperly sued out, need not be determined in this case, and will depend on the amounts involved and on other considerations. See Fotinos v. Romack Co., 101 Fla. 497, 134 So. 506.
Accordingly, certiorari is granted and the order of the circuit court entitled “Partial Summary Judgment Discharging Warrant and Transferring Cause” is quashed, and the cause is remanded with directions to vacate the order discharging the warrant and the levy thereon, and the order of transfer of the cause to the civil court of record, and for further proceedings in the circuit court, as provided for in such cases under §§ 83.18 and 83.19, Fla.Stat, F.S.A.
It is so ordered.
HORTON, C. J., and PEARSON, J., concur.

. This provision was typed into the lease, as follows:
“Bent shall be two hundred fifty ($250.00) dollars per month payable on the 1st day of each and every month for a period of five (5) years.”

. This provision, a part of the printed lease form, was as follows:
“Eighth: The lessee agrees that he will pay all charges for rent, gas, electricity or other illumination, and for all water used on said premises, and should said charges for rent, light or water herein provided for at any time remain due and unpaid for the space of five days after the same shall have become due, the lessor may at its option consider the said lessee tenant at sufferance and immediately re-enter upon said premises and the entire rent for the rental period then next ensuing shall at once be due and payable and may forthwith be collected by distress or otherwise.”