121 So.2d 685 (1960)
Anne FRANK, Appellant,
v.
PIONEER METALS, INC., a Florida Corporation, Appellee.
No. 59-349.
District Court of Appeal of Florida. Third District.
June 30, 1960.
Rehearing Denied July 15, 1960.
*686 Frank & Weston and Peter Strelkow, Miami Beach, for appellant.
George Cheren and Robert Golden, Miami, for appellee.
HORTON, Chief Judge.
This was an action of distress for rent whereby the appellant sought to enforce collection of certain rent due, and an acceleration of other sums due for rent under the terms of a lease between the parties. The amount of rent claimed by appellant's affidavit was $11,400. The trial court entered an order pursuant to hearing on appellant's affidavit for distress and the appellee's petition to fix bond. In its order, the court found, inter alia:
"It appears to this court that the plaintiff did not have the right to accelerate the rent for the balance of the term of the lease; that the distress warrant issued in this cause should be quashed; that the plaintiff should receive from the money deposited in this court, the sum of $1800.00 representing rent for the months beginning October 10, November 10, and December 10, 1958. It further appears to the court that the issues raised from the pleadings and statements of counsel with respect to the ultimate issues in this cause should be tried by an equity court."
The cause was then transferred to the equity side of the court and the appellee filed an answer to the affidavit for distress and a counterclaim in which it prayed for relief in the form of money damages and termination of the lease and/or in the alternative, for cancellation of the lease as having been entered into through mutual mistake of the parties or because of the appellant's failure to comply with her duties in connection with the lease. In her answer to the counterclaim, the appellant prayed for additional relief. Upon hearing on the answer, counterclaims and answers thereto, the chancellor entered the decree appealed. By the decree the chancellor found:
"The Court finds that Pioneer Metals, Inc. leased space in a part of a warehouse owned by Anne Frank. This space was to be used only for the purposes of warehousing, distribution and manufacturing. It is quite apparent to the Court, from the evidence, *687 that it was the intent of the parties that the word `manfacturing' should mean the operation of a sheet metal shop; furthermore, the evidence shows that the tenant was assured that the landlord would do everything that was necessary to obtain licenses and permits for the operation of a sheet metal shop. The lease should be considered as reformed to this extent. The lease was intended, and did restrict the use of the space rented to the business of Pioneer Metals, Inc., namely warehousing and distribution of the merchandise stored by it in the regular course of its business and the operation of a sheet metal shop.
"The evidence reveals that there were repeated warranties and assurances, prior to the signing of the lease, by the agents of Mrs. Frank that the space being leased by Pioneer Metals, Inc. could be used for its normal business purposes, including the operation of a sheet metal shop. These warranties and assurances should be considered as part of the lease agreement of the parties. These assurances and warranties were given despite the fact that Mrs. Frank, or her agents, had knowledge or should have had knowledge at the time these warranties and assurances were made to Pioneer Metals, Inc. of the unsuitability of the premises for its business purposes.
"John C. Watson, who testified in behalf of Pioneer Metals, Inc. had inspected the building approximately five years ago and found serious structural defects in the columns and beams, as well as underneath the building, and had so informed the landlord, or one of her agents. While the landlord did do some work on the building since that time, she obviously did not put the building in sound structural condition. Her agents, therefore, were not in a position to, and should not have, assured Pioneer Metals, Inc. that the building could be used for its business activities, especially in view of the fact that Pioneer Metals, Inc. must warehouse heavy metal equipment and machinery, of which fact the landlord's agents were aware. It does not appear from the evidence that the structural defects were such that they could have been observed, or should have been observed by the tenant."
Following these findings, the chancellor decreed that the lease be cancelled.
Upon appeal, the appellant contends first, that the trial court lacked jurisdiction of the initial proceedings instituted by her affidavit for distress; second, that the trial court erred by transferring the cause to the equity side of the court; and finally, that the court erred in permitting parol testimony to vary the terms of the written lease and to establish an implied warranty as to the suitability of the premises for manufacturing purposes.
Upon the first point, the appellant concedes that the amount demanded in her affidavit for distress, which was initiated in good faith, was within the circuit court's jurisdiction; however, she contends that the court by construing the lease so that the total rental payments were not accelerated, thereby determined the real amount in controversy, which amount was less than the prescribed minimum jurisdiction of the circuit court. We do not agree with this contention. In Willscott, Inc. v. Ullman, Fla.App. 1960, 117 So.2d 856, 858, this court, speaking through Judge Carroll, was faced with a similar procedural question and at that time said:
"Under those conditions, the circuit court had, and exercised jurisdiction, and was authorized to render judgment, for such amount as the court should find to be due, based on its decision as to the meaning of the contract. See Sumner Lumber Co. v. Mills, 64 Fla. 513, 60 So. 757; A. Mortellaro & Co. *688 v. Atlantic Coast Line R. Co., 91 Fla. 230, 107 So. 528; Knudsen v. Green, 116 Fla. 47, 156 So. 240; Tantillo v. Miliman, Fla. 1956, 87 So.2d 413."
Concerning the second point raised upon appeal we are constrained to point out that by the appellant's failure to timely object to that procedure which she now contends to be irregular, she will be deemed to have waived the objection by acquiescence. Procedural matters not objected to in the trial court cannot be raised upon appeal. Marsh v. Sarasota County, Fla.App. 1957, 97 So.2d 312.
As to the appellant's last contention, we have reviewed the entire record and fail to find where the appellant objected to the admissibility of any evidence or testimony upon the ground now urged. Having failed to object to the admission of parol testimony at the trial, the appellant can hardly be heard now to complain of the chancellor's actions in which she at least tacitly acquiesced.
Accordingly, the decree appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.