DOWNEY, JAMES C, Associate Judge.
This suit originated in the Circuit Court of the Fifteenth Judicial Circuit in and for Broward County. Petitioners, husband and wife, were plaintiffs in a suit for damages, based upon alleged medical malpractice,, against respondents, a medical doctor and a hospital.
At pretrial conference the trial judge announced he had examined the depositions of plaintiffs and answers to interrogatories in the Court file and was of the opinion that the amount of plaintiffs’ good faith claim: could not reasonably amount to $10,000.00' or more so as to bring the case within the-jurisdiction of the Circuit Court. He thereupon, sua sponte, dismissed the cause, retaining jurisdiction only to transfer it to-the Court of Record of Broward County, which has original jurisdiction of actions, at law wherein the claim or demand does, not exceed Ten Thousand Dollars ($10,-000.00).
Plaintiffs have filed their petition for writ, of certiorari asserting that the order dismissing the cause for lack of jurisdiction constituted a departure from the essential* requirements of law.
The Supreme Court held in Tantillo v. Miliman, Fla. 1956, 87 So.2d 413, that the action of a trial judge in dismissing or-transferring a case for lack of jurisdiction due to the amount involved, was properly reviewable by certiorari, the reason being::
“ * * * though the controversy was concluded so far as the circuit court was concerned there had been no such an adjudication as would support an appeal.”
Thus, the method here used to review the: order of dismissal is proper.
*23 Turning now to the main question involved, did the order of dismissal constitute a •departure from the essential requirements of law? We believe it did.
The Petitioners alleged in their complaint that in early March 1962 they employed Respondent, Dr. Jerome Coffey, in his capacity as a physician, to professionally treat plaintiff wife; that he undertook treatment •of her and pursuant thereto, on April 11, 1962, confined her to defendant hospital; that in administering care and treatment to the plaintiff wife, defendants failed to ex•ercise the degree of skill ordinary among physicians and hospitals in the locality; that ■defendants were negligent in failing to employ available tests for determining the presence of a fetus rather than a tumor; that the defendant doctor was negligent in performing an operation for the removal of a tumor; the hospital was negligent in failing to obtain consultation before surgery; that as a result of the alleged negligence, plaintiff wife suffers a permanent scar on her abdomen and is embarrassed and humiliated thereby, has undergone a long course •of treatment, suffered much physical pain and mental anguish and will continue to do so. The plaintiff husband claimed damages for medical expenses and loss of services of his wife.
The plaintiffs’ deposition and answers to interrogatories reflect that plaintiffs’ actual ■claim for damages includes an erroneous diagnosis of a tumor in the uterus when in fact she was only pregnant; fear and apprehension resulting from the diagnosis of a tumor; an unnecessary surgical operation to remove the tumor; severe pain due to the operation and removal of stitches; anxiety and concern for the well-being of the fetus; five weeks’ confinement in bed; anxiety and worry necessitating psychiatric treatment; a permanent scar on her abdomen which continues to drain; low back pain upon lifting; continued nervousness; medical and other expense of approximately $1,000.00.
While under Ch. 59-877, Laws of Florida 1959, the Court of Record of Brow-ard County has original jurisdiction in all cases at law in which the demand or value of the property in controversy, exclusive of interest and costs, does not exceed Ten Thousand Dollars ($10,000.00), the amount of damages claimed in the present case is “in excess of Ten Thousand Dollars,” and the jurisdiction of such Circuit Court depends not upon the amount of damages which is actually recoverable as a matter of law, but rather by the sum in good faith demanded or actually put in controversy. Knudsen v. Green, 116 Fla. 47, 156 So. 240. This is the rule of Gannett v. King, Fla. App., 108 So.2d 299, wherein this Court stated:
“Regardless of what statement of damages is made in the ad damnum clause of a complaint, such statement does not determine the jurisdiction of the court if it clearly appears that the real demand or value of the property is otherwise than stated and the ad dam-num exceeds the real demand.” (Emphasis supplied.)
Frank v. Pioneer Metals, Inc., Fla.App., 121 So.2d 685, and Willscott, Inc. v. Ullman, Fla.App.1960, 117 So.2d 856, are helpful in a determination of “the amount in good faith demanded.”
The amount actually recoverable in this case is a jury question, Curley v. Miami Transit Company, Fla.App.1962, 141 So.2d 299, and on this record a jury might well find that plaintiffs’ damages exceed the minimum jurisdiction of the Circuit Court.
It therefore appearing that the learned trial judge failed in this instance to follow the essential requirements of law, the writ is granted, the order dismissing the cause is quashed, and the cause is remanded for further appropriate proceedings.
WHITE, Acting C. J., and KANNER (Ret.), J., concur.