GRIMES, Judge.
Petitioners seek a writ of certiorari to review an order of the circuit court which transferred their action to the county court. They assert that the transfer was contrary to the essential requirements of law and resulted in irreparable harm for which the remedy of appeal would be inadequate. We agree and grant their petition.
Petitioners, who are residents of a mobile home park owned by respondents, alleged that respondents were seeking to remove them from the park because they refused to sign a lease which contained provisions unacceptable to them. Contending that respondents were violating Chapter 83, Florida Statutes (1979), they sought a declaratory judgment and an injunction against their removal from the park.
Declaratory and injunctive relief are classic equitable remedies, and Section 26.-012(2)(c), Florida Statutes (1979), gives the circuit courts exclusive jurisdiction over all cases in equity. Furthermore, Section 86.-011, Florida Statutes (1979), specifically vests jurisdiction over declaratory actions in the circuit court. While Section 83.60, Florida Statutes (1979), does permit the raising of equitable defenses to certain landlord possessory actions, there is no such action yet pending. Also, the right to raise equitable defenses is not the equivalent of the right to seek declaratory and injunctive relief.
It is clear then that the transfer of the cause by the circuit court was a transfer to a court without subject matter jurisdiction and that this violated the essential requirements of law. Moreover, the error resulted in irreparable harm to petitioners because there is not an adequate remedy by appeal from this type of order. See Norris v. Southern Bell Telephone & Telegraph Co., 324 So.2d 108 (Fla.3d DCA 1975); Easley v. Garden Sanctuary, Inc., 120 So.2d 59 (Fla.2d DCA 1960). Accordingly, we quash the transfer order and remand the case to the circuit court for further proceedings.
BOARDMAN, A. C. J., and RYDER, J., concur.