PER CURIAM.
This cause is before us on appeal from a final order dismissing appellant’s assault and battery action for lack of jurisdiction. After the parties presented evidence, but prior to submission of the cause to the jury, the trial court dismissed the case, stating “there’s no way, based on the evidence I have heard this morning, that a jury of six reasonable people could possibly award Mr. Floyd over $5,000.”
In determining whether the jurisdictional amount for the circuit court is met, the trial court is required to discern whether the jurisdictional amount of damages was pleaded in “good faith.” Valuation fixed by the pleadings is to be accepted as true if made in good faith and not for the illusory purpose of conferring jurisdiction; it matters not that it might develop at trial that the amount recoverable is less than the jurisdictional threshold. Tantillo v. Miliman, 87 So.2d 413 (Fla.1956); Neuman v. Brigman, 475 So.2d 1247, 1249 (Fla. 2d DCA 1985); Whitley v. Phil-Nick’s, Inc., 451 So.2d 925, 926 (Fla. 1st DCA 1984); and PTS of Gainesville, Inc. v. Olivetti Corporation of America, 334 So.2d 324 (Fla. 1st DCA 1976). The Supreme Court of Florida, in a leading case on the subject, ruled as follows (Tantillo, supra, at 415):
Inasmuch as the jury had the peculiar responsibility of setting the amount of recovery, we think that the judge did not follow the essential requirements of law when so late in the trial, at the conclusion of the plaintiffs’ testimony, he stated his reasons, which were not without merit, for the conclusion that there was no “evidentiary basis for the assertion in good faith of a claim for damages in excess of $5000” and transferred the cause. We have [underlined] the words which, we think, are particularly relevant to the rule applicable in this case.
It is indispensable that the amount sought in order to invoke the jurisdiction of a court must be claimed in “good faith.” “The jurisdiction of the court is to be determined by the sum in controversy, and not by the amount of recovery.” A. Mortellaro & Co. v. Atlantic Coast Line R. Co., 91 Fla. 230, 107 So. 528, 530....
[[Image here]]
We are directed to nothing in the record showing that the petitioners did not initially make their demand in good faith, although it may have developed during the trial that the amount recoverable was “less than the minimum jurisdiction of the court.” A. Mortellaro & Co. v. Atlantic Coast Line R. Co., supra.
*551 In the instant case, appellant pleaded compensatory and punitive damages exceeding $5,000. The trial court was therefore required to determine whether that claim was made in good faith, not whether the evidence established such a recoverable amount. Accordingly, this cause must be reversed and remanded for further proceedings consistent herewith.
BOOTH, C.J., and ERVIN and SMITH, JJ., concur.