# SPACECRAFT BOATWORKS, INC. v ANACAPRI BOAT MANUFACTURING, INC.

## Case No. 90-20644 CA 25

Eleventh Judicial Circuit, Dade County

July 10, 1990

**APPEARANCES OF COUNSEL**

**Susan Nungresser, Esquire,** for plaintiff.

**Andre R. Fournier, Esquire,** for defendant.

## OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

### *ORDER DENYING MOTION TO DISMISS*

THIS CAUSE came before the Court on Defendant's Motion to Dismiss the Complaint based primarily on lack of jurisdictional amount in the Circuit Court.

The issue posed is whether the worthless check statute, § 68.065 F.S., causes an initial NSF check of $1722.97 to "triple the amount owing" to a total of $6891.88 and thereby confer jurisdiction upon the Circuit Court rather than the County Court. While the argument that the check amount of $1722.97 was the "matter in controversy" may

have some superficial appeal, independent research by the Court compels it to reject that contention.

## The Complaint

Plaintiff brought suit for collection of a worthless check of $1722.97. According to the Complaint, Plaintiff complied with the worthless check statute, and the maker or drawer failed to pay the payee within 30 days following written demand. According to the statute:

> "the maker or drawer shall be liable to the payee in addition to the amount owing upon such check, for damages of triple the amount so owing."

For purposes of the motion to dismiss, the allegations of the Complaint are deemed to be true. *Hammonds v Buckeye Cellulose Corporation,* 285 So.2d 7 (Fla. 1973). Plaintiff seeks the amount owing upon the check of $1722.97, and damages of triple the amount so owing, for a total of $6891.88.

## Discussion of Law

Of significance are the following cases: *White v Marine Transport Lines, Inc.,* Fla. 372 So.2d 81 (1979) at p. 84:

> "It is apparent, then, that the test for jurisdiction is twofold. In the first instance, the good faith demand of the plaintiff at the time of instituting suit determines the ability of the particular court to entertain the action. However, notwithstanding the bona fides of the plaintiff's demand at the time of institution of suit, as a matter of judicial power the county court is precluded from entering a judgment for damages in excess of its mandated jurisdiction." *Brailment v Goetz,* 240 So.2d 818 (3DCA 1970):

> "Petitioner contends that the court erred in ordering that the cause be transferred from the Circuit Court. We find merit in petitioner's contention. Where jurisdiction is dependent on the amount in controversy, the question turns not upon the amount claimed or the amount actually recoverable, but the test is the amount claimed and put into controversy in good faith." To the same effect is *Frank v Pioneer Metals, Inc.,* 121 So.2d 685 (3DCA 1960) and *Floyd v Baxter,* 508 So.2d 549 (1DCA 1987). In the instant case, Plaintiff's "good faith" is not questioned.

Under Defendant's theory of the case, the amount of the initial worthless check would always control the jurisdictional amount, and no effect should be given to the worthless check statute of providing "for damages of triple the amount" of the check. § 68.065 F.S. The

Court cannot adopt this view, especially because in actions brought in the County Court which apply § 68.065, F.S. resulting in a defendant's liability for damages in excess of $5000.00, a Plaintiff would not be able to obtain in that Court a judgment for the full statutory amount.

Indeed the worthless check statute confirms this Court's view in that § 68.065(1) F.S. applies "in any civil action brought for the purposes of collecting a check. . .", and therefore the jurisdictional amount is the amount enhanced by the statute and sought in the Complaint.

### Conclusion

Based on the foregoing, the Defendant's Motion to Dismiss is denied, and Defendant shall have 15 days from the date hereof to answer the Complaint.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 10th day of July, 1990.