NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SHERRI DIAMOND,                    )
                                   )
            Petitioner,            )
                                   )
v.                                 )          Case No. 2D18-2953
                                   )
ELVIS TOWING, INC.,                )
                                   )
            Respondent.            )
_____    )

Opinion filed April 12, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Pinellas County; Amy M.
Williams, Judge.

Felipe B. Fulgencio, Megan N. Daniel, and
Courtney A. Umberger of Fulgencio Law,
PLLC, Tampa, for Petitioner.

Charles E. Lykes, Jr., Clearwater, for
Respondent.


CASANUEVA, Judge.

          Sherri Diamond petitions this court for writ of certiorari seeking to quash

an order of the circuit court that transferred her class action lawsuit against Elvis

Towing, Inc. to the county court.  We grant her petition because the circuit court erred in

transferring jurisdiction to the county court when the alleged amount in controversy was more than $15,000.[1]

Procedural History

Ms. Diamond's first amended complaint was filed as a class action against Elvis Towing pursuant to Florida Rule of Civil Procedure 1.220(c), and it alleges that damages are in excess of $15,000. The amended complaint was filed in county court on April 3, 2017, and Ms. Diamond successfully moved to have the case transferred to circuit court on July 12, 2017. Elvis Towing thereafter filed a motion to dismiss the complaint, in part challenging Ms. Diamond's ability to bring a class action. The motion to dismiss was denied on February 9, 2018.

Elvis Towing also filed a supplemental motion to dismiss the complaint based on a lack of subject matter jurisdiction. This motion alleged that the circuit court did not have jurisdiction over the case because the action is based on an ordinance violation. The motion did not allege that the amount in controversy was below the jurisdictional threshold. On June 25, 2018, the circuit court denied the supplemental motion to dismiss. However, on the same day, the court entered an order transferring the case to county court "until such time as both the action may be certified as a class-action and that sufficient evidence or cause is given to establish that the jurisdictional amount of Circuit Court jurisdiction may be established." This ruling is contrary to clearly established principles of law.

---

[1]As noted by this court in Rocco v. Coffey, 163 So. 2d 21, 22 (Fla. 2d DCA 1964) (citing Tantillo v. Miliman, 87 So. 2d 413 (Fla. 1956)), an order of the circuit court transferring a case to the county court for lack of jurisdiction due to the amount involved is properly reviewable by petition for writ of certiorari.

"[T]he jurisdiction of such Circuit Court depends not upon the amount of damages which is actually recoverable as a matter of law, but rather by the sum in good faith demanded or actually put in controversy."  Rocco, 163 So. 2d at 23 (citing Knudsen v. Green, 156 So. 240, 242 (Fla. 1934)).  As stated by the Third District in Norris v. Southern Bell Telephone & Telegraph Co., 324 So. 2d 108, 109 (Fla. 3d DCA 1975):

> There may be a basis in this record for a belief that the plaintiff exaggerated her claim but it cannot be said that such a conclusion appears without issue.  It is not our purpose to preclude by this opinion a transfer if later developments in this case substantiate the trial judge's conclusion in the order appealed.

See also Ross v. Barnett, 436 So. 2d 1040, 1041 (Fla. 3d DCA 1983) (quashing order transferring case to county court where it could not be concluded from the record on appeal that the amount in controversy was unquestionably less than the jurisdictional threshold or that the allegations asserting the amount in controversy were not made in good faith).

In the present case, Ms. Diamond's complaint alleges that Elvis Towing improperly towed her vehicle as well as the vehicles of the other class members and that the resulting damages are in excess of $15,000, and the evidence before the circuit court did not establish that the amount in controversy was unquestionably less than that amount.  In fact, the evidence suggests that damages may exceed $15,000.  The deposition of Stephanie Sue Watson-Johnson, Elvis Towing's corporate representative, reflects that the company tows between 200 and 300 vehicles without the owners' consent in a four-year period.  The company charges a base rate of $100 for the tow and $3 for every mile the vehicle is towed.  Multiplying the base rate of a tow, without

considering the mileage and cost thereof, by the minimum number of vehicles admitted by Ms. Watson-Johnson, 200 vehicles, totals $20,000, well above the threshold amount required for circuit court jurisdiction.  See §§ 26.012(2)(a), 34.01(1)(c), Fla. Stat. (2017).  Therefore, the circuit court could not conclude from this record that the amount in controversy was unquestionably less than $15,000.  See Ross, 436 So. 2d at 1041.

Class Action Determination

It was also improper for the circuit court to rule that the action had to be certified as a class action before it could proceed in the circuit court.  Rule 1.220(d)(1) provides for the following procedure when a class action complaint has been filed:

> As soon as practicable after service of any pleading alleging the existence of a class under this rule and before service of an order for pretrial conference or a notice for trial, after hearing the court shall enter an order determining whether the claim or defense is maintainable on behalf of a class on the application of any party or on the court's initiative. Irrespective of whether the court determines that the claim or defense is maintainable on behalf of a class, the order shall separately state the findings of fact and conclusions of law upon which the determination is based.

"A decision on class certification should be made promptly, but only after the parties have had an adequate opportunity to discover facts necessary to support all of the requirements of a class action."  Whigum v. Heilig-Meyers Furniture Inc., 682 So. 2d 643, 645 (Fla. 1st DCA 1996).  In the present case, the circuit court failed to hold a hearing on whether the requirements of a class action had been met and failed to enter an order determining if the claim was maintainable on behalf of a class.  Therefore, it was premature to enter an order transferring the action to the county court based on the fact that it had not been certified as a class action.

- 4 -

Further, we note that the Florida Supreme Court has held that the circuit court should have jurisdiction of a class action lawsuit "when the aggregated claims of the class meet the monetary jurisdictional requirement even though an individual claim of a class member does not reach that threshold." Johnson v. Plantation Gen. Hosp. Ltd. P'ship, 641 So. 2d 58, 60 (Fla. 1994); see also Galencare, Inc. v. Blanton, 636 So. 2d 547, 547 (Fla. 2d DCA 1994) ("[T]he circuit court's dollar jurisdiction may be satisfied by aggregating the value of each plaintiff's claim."), approved, 650 So. 2d 42 (Fla. 1995); Galen of Fla., Inc. v. Arscott, 629 So. 2d 856, 857 (Fla. 5th DCA 1993) ("[T]he amount of the claim of the entire class determines the dollar amount jurisdiction.").

## Conclusion

Both of the trial court's rulings were contrary to the essential requirements of law and result "in irreparable harm for which the remedy of appeal would be inadequate." Phillips v. Cutler, 388 So. 2d 48, 49 (Fla. 2d DCA 1980). The circuit court erred in finding that the amount in controversy was less than $15,000 where Ms. Diamond's complaint alleged that damages are in excess of $15,000 and the evidence did not show that the amount in controversy was unquestionably less than that amount. It was also improper for the circuit court to transfer the case to the county court before making a determination that the requirements of a class action had not been met. Accordingly, we grant the petition for writ of certiorari, quash the order of the circuit court transferring the action to the county court, and remand for proceedings consistent with this opinion.

Petition for writ of certiorari granted; order quashed.

LaROSE, C.J., and MORRIS, JJ., Concur.