DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**P&G TRUCKING OF BRANDON, INC., GOMES TRUCKING, INC.,** and
**MIGUEL ANGEL CAMACHO,**
Appellants,

v.

**RIVERLAND HEDGING & TOPPING, INC.** and
**CLEAR ZONE MAINTENANCE, INC.,**
Appellees.

No. 4D19-1339

[August 26, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Janet Carney Croom, Judge; L.T. Case No. 312017CA000363.

James H. Wyman of Hinshaw & Culbertson LLP, Coral Gables, for appellants.

Canda Brown, Vero Beach, and Mandy Fetzer, Vero Beach, for appellees.

DAMOORGIAN, J.

In this negligence action, P&G Trucking of Brandon, Inc. ("P&G"), Gomes Trucking, Inc. ("GTI"), and Miguel Angel Camacho ("Camacho") (collectively "Defendants") appeal an amended final judgment awarding Riverland Hedging & Topping, Inc. ("Riverland") and Clear Zone Maintenance, Inc. ("Clear Zone") (collectively "Plaintiffs") damages related to the loss of a tractor and citrus topper. Defendants argue that the trial court erred in denying (1) their motion for directed verdict as to the correct measure of damages relating to the citrus topper; and (2) their motions for partial summary judgment and directed verdict on the issue of "business interruption damages." We affirm the first argument without further comment. Finding merit in Defendants' second argument, we reverse.

The material facts in this case are undisputed. While driving a truck owned by P&G and leased by GTI, Camacho struck a tractor owned by Clear Zone and a citrus topper owned by Riverland. Plaintiffs sued

Defendants for negligence, seeking damages for the total losses of the tractor and citrus topper, lost profits, "inconvenience," and "administrative" costs. Defendants admitted fault but contested causation and damages. Prior to trial, Defendants moved for partial summary judgment on Plaintiffs' claim for inconvenience and administrative damages, arguing that such damages were not recoverable. The trial court denied the motion.

At trial, Robert Lindsey ("Lindsey"), the principal of Riverland and Clear Zone, testified that, among other things, Riverland and Clear Zone suffered damages in the form of inconvenience damages and administrative costs. Regarding Riverland, Lindsey testified he spent about 50 hours overseeing matters after the accident, which included clean-up of the accident scene and "figur[ing] out what to do" for compensation costs. Regarding Clear Zone, Lindsey testified he spent about 100 hours traveling to Georgia and Charlotte County relating to contracts Clear Zone had committed to years prior, and searching for replacement operators. Lindsey valued his time at $150 per hour.

At the close of Plaintiffs' case, Defendants moved for a directed verdict on Plaintiffs' claims for inconvenience and administrative damages and again argued that damages for such claims were not recoverable. The trial court denied the motion and relabeled the inconvenience and administrative claims as "business interruption" claims. The jury ultimately found in favor of Plaintiffs and awarded damages as follows:

***Riverland:***
| | |
|---|---|
| Property Damage: | $221,330 |
| Lost Profits: | $80,850 |
| Business Interruption: | $7,500 |
| Towing Costs: | $3,000 |

***Clear Zone:***
| | |
|---|---|
| Property Damage: | $6,000 |
| Lost Profits: | $49,647 |
| Business Interruption: | $15,000 |

An amended final judgment was entered awarding Riverland $312,680 and Clear Zone $70,647.

On appeal, Defendants argue that the time spent dealing with matters related to the accident is not recoverable as business interruption damages in this case. We agree.

2

Although there are no Florida cases specifically addressing the availability of business interruption damages in the context of negligence actions, we take guidance from cases discussing business interruption damages in the context of insurance law.  Business interruption damages are generally awarded in property loss cases involving business interruption insurance policies.  *See, e.g.*, *Hotel Props., Ltd. v. Heritage Ins. Co. of Am.*, 456 So. 2d 1249 (Fla. 3d DCA 1984).  The general purpose of business interruption insurance "is to protect *earnings* which the insured would have enjoyed had no interruption occurred."  31 Fla. Jur. 2d *Insurance* § 2438 (emphasis added); *see also* 31 Fla. Jur. 2d *Insurance* § 2440 ("Business interruption insurance is intended to return to the insured's business the amount of *profit* it would have earned had there been no interruption of the business or suspension of its operations." (emphasis added)); *Nat'l Union Fire Ins. Co. v. Scandia of Hialeah, Inc.*, 414 So. 2d 533, 534 (Fla. 3d DCA 1982) (basing the availability of business interruption damages on whether the insured could sufficiently show lost profits).  In other words, business interruption damages are generally only recoverable to compensate a business for its lost earnings, not to compensate for other potential consequential losses.  *See* 43 Am. Jur. *Insurance* § 509 ("Potential consequential losses are not, even if proved by a preponderance of the evidence, compensable under a policy's business interruption coverage." (footnote omitted)); *see also Nat'l Union Fire Ins. Co. of Pittsburg v. Anderson-Prichard Oil Corp.*, 141 F.2d 443, 445 (10th Cir. 1994) ("The purpose, scope and legal effect of the insurance contract is to protect the prospective earnings of the insured business only to the extent that they would have been earned if no interruption had occurred . . . . In other words, the policy is designed to do for the insured in the event of business interruption caused by fire, just what the business itself would have done if no interruption had occurred—no more.").[1]

Here, the time spent by Lindsey overseeing clean-up of the accident scene, figuring out compensation for damages, traveling for meetings with administrators relating to preexisting contracts, and searching for a replacement operator is not tied to Plaintiffs' loss of business income.  The fact that Plaintiffs themselves originally labeled the loss of time as "inconvenience damages" and "administrative costs" further buttresses this conclusion.  Rather, if anything, the time spent tending to those matters qualifies as a potential consequential loss and is not recoverable as business interruption damages.

---

[1] We do not cite these cases and authorities to suggest that Florida law recognizes a claim for business interruption damages in the context of a negligence action. We cite these cases and authorities solely to define the type of damages purportedly sought in this claim.

Moreover, even if the loss of time was compensable as business interruption damages, the award in this case is duplicative of the lost profits award. A double recovery based on the same element of damages is prohibited. *Besett v. Basnett*, 437 So. 2d 172, 173 (Fla. 2d DCA 1983). As the award of business interruption damages for the loss of time and the award for lost profits were for the same period of time subsequent to the accident, permitting Plaintiffs to recover for both the loss of time and loss of earnings would yield a duplicative award of damages. *See Lambert v. Hasson*, 823 P.2d 167, 174 (Idaho Ct. App. 1991) (recognizing that permitting plaintiff to recover for both loss of earnings and loss of time would "yield a duplicative award of damages"); *Cox v. Chi. Great W. R.R. Co.*, 223 N.W. 675, 677 (Minn. 1929) (holding that "[l]oss of time and loss of earnings, as covering the same period of time, are a duplication").

Finally, whether labeled inconvenience damages, administrative costs, or business interruption damages, the loss of time in this case is not recoverable as an element of damages because that specific harm was too remote and thus not proximately caused by Defendants' negligent act. *See McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992) ("[H]arm is 'proximate' in a legal sense if prudent human foresight would lead one to expect that similar harm is likely to be substantially caused by the specific act or omission in question."). Stated differently, the 150 hours spent overseeing the clean-up, figuring out compensation for damages, traveling for meetings, and searching for a replacement operator was not an obvious consequence of the accident, or reasonably foreseeable. *See Dick v. Pilot Travel Ctrs., LLC,* No. 1:17cv230-MW/GRJ, 2018 WL 2760150, at *1 (N.D. Fla. Apr. 6, 2018) (striking plaintiff's claim for damages for the losses he suffered after his truck was broken into while he was seeking medical attention after falling at the defendant's truck stop, and concluding that while it is true that the truck likely would not have been broken into had the fall not occurred, those damages were too remote under Florida law); *see also Papenheim v. Lovell*, 530 N.W.2d 668, 674 (Iowa 1995) (holding, in the context of a negligence action, that there was no authority or precedent to award damages to plaintiff for time spent dealing with matters related to the accident, but affirming the award because of defendant's failure to challenge the award below).

Accordingly, we reverse the awards for business interruption damages and remand with instructions for the trial court to deduct from the final judgment the $7,500 awarded to Riverland and the $15,000 awarded to Clear Zone.

*Affirmed in part, reversed in part and remanded.*

4

FORST, J., concurs.
ARTAU, J., concurs specially with opinion.

ARTAU, J., concurring specially.

I agree with the majority that business interruption damages are not recoverable as an element of damages here. Unlike the majority, however, I see no need to seek guidance from insurance cases involving business interruption claims. Those cases rely on contract law where expectation damages may be awardable to protect an injured party's interest in realizing the value of the expectancy that was created by the promise of the contracting parties. The claim here does not arise from any enforceable promise or contract. It arises in tort from a truck accident that damaged a motorized citrus topper and tractor.

The proper measure of compensation at common law and under Florida law for damage in tort to personal property or chattel is generally limited to the cost or value of repairing or replacing the damaged item, and its loss of use. *See, e.g., Meakin v. Dreier*, 209 So. 2d 252, 254 (Fla. 2d DCA 1968) ("Florida has adopted the Restatement of Torts as the rule of damages applicable for injuries to chattels" [inclusive of] "loss of use" (citing Restatement of Torts § 928 (Am. Law Inst. 1939))).

Loss of use damages are generally measured by the amount necessary to rent a similar article to perform the services usually performed by the damaged article during the period of repair. *E.g., MCI WorldCom Network Servs., Inc. v. Mastec, Inc.*, 995 So. 2d 221, 223–24 (Fla. 2008) (citing Restatement (Second) of Torts § 931 (Am. Law Inst. 1979)) (recognizing rental cost as a proper measure of loss of use damages). However, loss of use damages are not strictly limited to the rental value of the personal property. *See Meakin*, 209 So. 2d at 254 ("The measure of damage is 'loss of use' not rental value. Rental value is merely indicative of 'loss of use' value.").

In *A. Mortellaro & Co. v. Atl. Coast Line R.R. Co.*, 107 So. 528 (Fla. 1926), the Florida Supreme Court held that a plaintiff whose delivery truck was damaged in a railroad accident was not entitled to recover for any "loss to plaintiff's business by reason of the damage to the truck" during the period "the truck was out of use." *Id.* at 528–29. Instead, our supreme court recognized that the plaintiff would have been entitled to recover "upon common-law principles of liability" whatever amount was necessary to rent or hire a truck or other suitable vehicle "to perform the services usually performed by the damaged truck." *Id.* at 529.

5

The plaintiffs conflated the proper measure of damages here by pursuing business interruption damages as if they were entitled to compensation for their interrupted time spent addressing the effects of the accident on their businesses. This is no more compensable than the time that a motorist spends calling his or her insurance company and searching for a rental car or replacement vehicle after it is regrettably damaged in an accident.

By conflating the measure of damages, the plaintiffs led the trial court into incorrectly denying the defendants' motion for directed verdict on the plaintiffs' claim for business interruption damages. While the majority arrives at the same conclusion, it does so by finding that such damages are too remote and duplicative of the lost profits awarded as the plaintiffs' loss of use. But that assumes that business interruption damages would have been compensable as a proper measure of loss of use, if not remote, and if not duplicative. The only proper measure of damages that should have been quantified after determining the value of the damaged personal property here, was its loss of use.[2] Undoubtedly, all accidents cause interruptions to our personal lives and our businesses, but those interruptions were not compensable at common law, and they remain not compensable under Florida law.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] Because there was no readily available rental market for this type of personal property, the parties apparently used lost profits to quantify their loss of use claim. The award of lost profits as a proper measure of loss of use was not the subject of this appeal. Thus, we did not reach the issue of whether lost profits were a proper measure of loss of use under the circumstances here.