## 42533. ROTHENBERG v. LIBERTY MUTUAL INSURANCE COMPANY.

ARGUED JANUARY 4, 1967—DECIDED JANUARY 11, 1967.

Rose & Silverman, George S. Stern, for appellant.

Bryan, Carter, Ansley & Smith, Henry M. Quillian, Jr., W. Colquitt Carter, for appellee.

EBERHARDT, Judge. We affirm. Extensive annotations on business interruption insurance are to be found in 83 ALR2d 885-922, and concerning insurance on profits expected to be realized on particular goods or merchandise, in 83 ALR2d 889. But we need go no further than the provisions of this policy in making our determination. They are clear and unambiguous.

It is provided that: "1. For the purposes of this insurance, the term 'perils insured against' shall mean the perils, as defined and limited in the direct property damage form to which this endorsement is attached, applicable to Coverage B, and also subject to the special exclusions and limitations of this endorsement.

"2. Subject to all the provisions and stipulations otherwise applicable to Section I, this policy is extended to cover loss of earnings resulting directly from necessary *interruption* of business caused by the perils insured against *damaging or destroying the buildings or business personal property* at [the location specified]." (Emphasis supplied.)

"6. Special Exclusions and Limitations: . . . (c) This company shall not be liable for loss resulting from: . . . (2) Theft of any property which at the time of loss is not an integral part of a building or structure . . . unless loss by a peril not excluded in this policy ensues from theft or attempted theft, and then this company shall be liable for only such ensuing loss."

It is clear from these provisions that the coverage afforded is for business interruption caused by the damage or destruction of the building or business personal property at the business location, e.g., the building or fixtures used in operation of the business, and due to some peril insured against, or due to theft of property which, at the time, is an integral part of the building.

This is in keeping with the purpose of the insurance. 11 Couch on Insurance 2d 193, § 42:405; *Atlantic Steel Co. v. Hartford Fire Ins. Co.*, 39 Ga. App. 680 (148 SE 286).

Construing the petition against the pleader, as must be done on demurrer, he has suffered no interruption of his business— only a diminution in volume.

The coverage afforded here does not extend to loss of profits that might have resulted from a sale of the goods taken in a burglary. He has been fully compensated for the goods. Though not included here, he might have procured insurance against loss of profits to be realized on specific goods and merchandise even without an interruption of the business. That is a matter of contract.

The contention that the exclusion of application of the loss of earnings coverage when it is occasioned by *theft* of property which is not an intergral part of the building is not applicable because the loss here was occasioned by *burglary*, is without merit. While there is a particular definition of burglary under our criminal statutes making it an offense separate from that of simple larceny, so that theft may not always be burglary, yet every taking of property by burglary is a theft.

The general demurrer was properly sustained.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*