HOWARD STORES CORP., Respondent, v FOREMOST INSURANCE COMPANY, Appellant.

First Department, August 6, 1981

APPEARANCES OF COUNSEL

*Max J. Gwertzman* of counsel *(Gwertzman, Pfeffer & Toker*, attorneys), for appellant.

*Frank A. Weg* of counsel *(Weg Myers Jacobson & Scheer, P. C.*, attorneys), for respondent.

OPINION OF THE COURT

FEIN, J.

This is an action against an insurer for recovery of business interruption loss resulting from water damage to the premises. The insurer appeals a judgment based upon a jury verdict of $80,000, plus interest and costs.

Plaintiff is a manufacturer of men's clothing, which is merchandised through retail outlets operated by corporations affiliated with plaintiff. The water damage was

sustained at a lower east side retail establishment known as Newman Bros., which retails plaintiff's merchandise under the Newman Bros. label. Newman Bros. Corporation is owned by Ripley Manufacturing Corp., all of whose stock is in turn owned by plaintiff. The loss due to water damage was covered by defendant's insurance policy; that claim was settled and is not directly in issue here. The action forming the basis of the instant appeal has to do with a separate claim for business interruption. The insurance policy provided in pertinent part as follows:

"BUSINESS INTERRUPTION * * *

"1. This company shall be liable for the actual loss resulting directly from necessary interruption of business caused by damage to or destruction of real or personal property by the peril(s) insured against, during the term of this policy, on premises occupied by the insured.

"2. The liability of the company shall not exceed the reduction in gross earnings less charges and expenses which do not necessarily continue during the interruption of business. Due consideration shall be given to the continuation of normal charges and expenses, including payroll expense, to the extent necessary to resume operations of the insured with the same quality of service which existed immediately preceding the loss.

"3. Resumption of Operations: It is a condition of this insurance that if the insured could reduce the loss resulting from the interruption of business, (a) by complete or partial resumption of operation of the property herein described, whether damaged or not, or (b) by making use of merchandise or other property at the location(s) described herein or elsewhere, such reduction shall be taken into account in arriving at the amount of loss hereunder."

It should be noted at the outset that plaintiff, although not the operator of the store that suffered the damage, was specifically named as the first insured in the policy, and thus plaintiff's standing to bring this action cannot now be challenged. Paragraph 2 of the general agreements of the policy provides: "Joint Insured: If more than one Insured is covered under this contract the Insured first named shall act for itself and for every other Insured for

all purposes of this contract. * * * Payment by Underwriters to the Insured first named of any loss under this contract shall fully release Underwriters on account of such loss. If the Insured first named ceases for any reason to be covered under this contract, then the Insured next named shall thereafter be considered as the Insured first named for all purposes of this contract."

Defendant rejected plaintiff's initial claim for business interruption recovery because the water damage to the inventory had not forced the Newman Bros. store to suspend retail business operation. Newman Bros. Corporation had actually increased its earnings following the incident. Plaintiff thereupon reformulated its claim, asserting that while sales at Newman Bros. may have increased following the incident, this increase was at a rate lower than projected, based on sales analyses with four comparable stores in the chain for the period in question. Further, in order to maintain the viability of the Newman Bros. operation, plaintiff assertedly diverted inventories of merchandise (consisting of some 425 suits of clothing) originally intended for other subsidiaries to Newman Bros. instead. One of these other subsidiaries was located in midtown Manhattan, and a similar sales analysis at that store also showed an increase in sales in the succeeding months at a rate allegedly lower than projected, in comparison with other stores in the chain. The second subsidiary, part of whose expected inventory was diverted to Newman Bros., was a Boston store which claimed a loss in total sales volume for the period in question. The amount of plaintiff's claim was thus based not on an over-all loss but rather on the failure to meet projected increases in sales in all three stores, notwithstanding general increases in sales at Newman Bros. and the midtown Manhattan store.

The purpose of business interruption insurance is to indemnify the insured against losses arising from inability to continue normal business operation and functions due to the damage sustained as a result of the hazard insured against (30 NY Jur, Insurance, § 1193; see, also, *Pacific Coast Eng. Co. v St. Paul Fire & Mar. Ins. Co.*, 9 Cal App 3d 270). In other words, the goal is to preserve the continuity of the insured's earnings *(Gordon Chem. Co. v*

*Aetna Cas. & Sur. Co.*, 358 Mass 632). While we recognize that losses payable under a business interruption policy are estimated based on "experience of the business before the catastrophe and its probable experience thereafter" (15 Couch, Cyclopedia of Insurance Law [2d ed], § 57:28), the burden is on the insured to establish the extent of the damage caused by the interruption, and the applicability of the policy thereto *(id.,* § 57:32).

Here there was no actual suspension of business operations (cf. *Datatab, Inc. v St. Paul Fire & Mar. Ins. Co.,* 347 F Supp 36), but rather an alleged adverse effect on continuing sales not only at the store suffering the physical damage (Newman Bros.), but also at two other stores from which merchandise, allegedly intended, was diverted to Newman Bros. No basis is shown for including any loss allegedly sustained in the two other stores. A business judgment was made to divert the merchandise intended for those stores. Plainly the policy in suit was not intended to include business interruption, if any, to these other stores where no physical damage occurred. Newman Bros., where the damage occurred, had an increase in sales.

Why the sales at Newman Bros. were lower than projected and why the sales at the other two stores were lower than projected is pure speculation. Whatever the computations and projections made by plaintiff, there is simply no evidence that any failure to meet the projected increases was directly attributable to the water damage at Newman Bros. or the diversion of the suits. Newman Bros. actually increased its sales.

As to Newman Bros. itself, the policy obligated plaintiff to mitigate any losses caused by the physical damage "by making use of merchandise or other property at the locations described herein or elsewhere". Plaintiff now presents the anomalous claim that the action required of it in seeking to mitigate damages by diverting merchandise actually resulted in *increasing* those damages. Expenditures in mitigation of damages must be made in the reasonable expectation of reducing the recovery below the amount of the loss; expenditures which result in an increased loss cannot be justified (22 Am Jur 2d, Damages, § 169). Such

a claim strips the business interruption insurance coverage of any rational meaning.

Plaintiff has failed to meet the burden of proving a business interruption loss.

The judgment, Supreme Court, New York County (KIRSCHENBAUM, J.), entered April 10, 1980 upon a jury verdict in plaintiff's favor against defendant in the sum of $101,163.86, should be reversed on the law and the facts and the complaint should be dismissed with costs.

BIRNS, J. P., ROSS and MARKEWICH, JJ., concur.

Judgment, Supreme Court, New York County, entered on April 10, 1980, reversed, on the law and on the facts, and the complaint dismissed. Appellant shall recover of respondent $75 costs and disbursements of this appeal.