456 So.2d 1249 (1984)
HOTEL PROPERTIES, LTD., Appellant,
v.
HERITAGE INSURANCE COMPANY OF AMERICA, a Corporation, and Mount Vernon Fire Insurance Company, a Corporation, Appellees.
No. 83-1422.
District Court of Appeal of Florida, Third District.
September 25, 1984.
Rehearing Denied October 26, 1984.
Cohen, Brown, Reed, Ivans & Schwartz and Allen P. Reed, Miami, for appellant.
Daniel W. Levin, Fort Lauderdale, Walton, Lantaff, Schroeder & Carson and Joan S. Buckley, Miami, for appellees.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
The judgment below, based on the jury's findings that the appellee-insurance companies did not provide business interruption insurance coverage to the appellant for a loss resulting from a fire on the *1250 premises of its business tenant, a restaurant, is affirmed upon a holding that (1) even if arguable, the appellant's claim that its business was interrupted by reason of a loss of rental income under a lease calling for appellant to receive a percentage of the restaurant's gross income as rent was specifically waived at the outset of trial; (2) the appellant's other claim that its business was interrupted when the occupancy of its hotel rooms was reduced by virtue of the closing and unavailability of the restaurant was correctly resolved against it as this diminution in business did not constitute an interruption of the appellant's business within the policies in question, see Pacific Coast Engineering Co. v. St. Paul Fire and Marine Insurance Co., 9 Cal. App.3d 270, 88 Cal. Rptr. 122 (1970) (purpose of business interruption insurance is to indemnify for loss due to inability to continue to use specified premises); Rothenberg v. Liberty Mutual Insurance Co., 115 Ga. App. 26, 153 S.E.2d 447 (1967) (recovery under business interruption policy denied where theft of merchandise resulted in loss of business; court held insured had not suffered an interruption of business, but rather a diminution in volume); Howard Stores Corp. v. Foremost Insurance Co., 82 A.D.2d 398, 441 N.Y.S.2d 674 (1981), aff'd, 56 N.Y.2d 991, 439 N.E.2d 397, 453 N.Y.S.2d 682 (1982) (recovery denied for water damage to business where there was no actual suspension of business, but rather an alleged adverse effect on continuing sales); accord, National Children's Expositions Corp. v. Anchor Insurance Co., 279 F.2d 428 (2d Cir.1960) (recovery denied under insured's use and occupancy policy for reduction in attendance due to severe snowstorm, since building was open during entire period in question; court held recovery unavailable in absence of interruption in use and occupancy of building); and (3) the error, if any, in submitting the question of coverage to the jury for its decision was totally harmless under the circumstances of this case.
Affirmed.