RAMADA INN RAMOGREEN, INC.,
d/b/a 1800 Palm Beach Lakes
Blvd., Plaintiff-Appellant,

v.

The TRAVELERS INDEMNITY
COMPANY OF AMERICA,
Defendant–Appellee.

No. 87–5177
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 13, 1988.

John C. Randolph, W. Palm Beach, Fla., for plaintiff-appellant.

Herbert J. Baumann, Tampa, Fla., for defendant-appellee.

Before RONEY, Chief Judge, HATCHETT and ANDERSON, Circuit Judges.

RONEY, Chief Judge:

In this diversity insurance case, plaintiff, Ramada Inn Ramogreen, Inc., appeals a district court decision that, as a matter of Florida law, the hotel's decrease in room occupancy due to the loss of its restaurant by fire is not a covered loss under the defendant insurance company's business interruption policy. We affirm.

On July 2, 1983, The Traveler's Indemnity Co. of America, issued a fire insurance policy on plaintiff's hotel and restaurant in West Palm Beach, Florida. On April 10, 1984, a fire damaged the building which housed plaintiff's restaurant, but did no harm to the four buildings containing hotel rooms. The insurance company paid $172,500 for loss of earnings at the restaurant under the business interruption provisions of the policy. Plaintiff claims it was entitled to collect under the business interruption provisions for the decline in occupancy of the hotel facility that resulted from the closing of the restaurant. The district court entered summary judgment on the ground that Florida law, applicable to this diversity case, prohibited a recovery for that loss.

The policy provided in part that the insurance company would insure Ramada, "against loss of earnings resulting directly from the necessary interruption of the insured's business caused by loss or damage by a peril insured against to a building or personal property on the premises designated in the declarations." The hotel was designated as "Location 1, [Building] 1 thru 4." It was insured for the aggregate amount of $287,500. The restaurant was designated "Location 1, [Building] 5," and it was insured for a total of $172,500.

The district court in this case relied heavily upon *Hotel Properties Ltd. v. Heritage Insurance Co. of America*, 456 So.2d 1249 (Fla. 3d DCA 1984), *petition for review denied*, 464 So.2d 555 (Fla.1985), the only Florida case dealing with this issue. The facts in the two cases are virtually identical. In *Hotel Properties*, a hotel owner filed a claim against its insurance company for the loss of its restaurant due to a fire. The hotel based its claim against the insurance company on the business interruption clause of its insurance policy which covered the restaurant as well as the hotel operation.

The applicable language in the policy at issue in the *Hotel Properties* case is similar to the pertinent language in the instant case. The court in *Hotel Properties* held that the diminution in business caused by the unavailability of the restaurant did not constitute an interruption of the hotel's business within the policies in question. The opinion succinctly stated the law in Florida concerning this issue: a decrease in hotel occupancy due to loss of a restaurant is not a loss covered under the hotel business interruption policy.

Ramada contends that *Hotel Properties* is distinguishable because it involves a hotel which leased out its restaurant facility to a business tenant while in the instant case, the restaurant was both owned and

managed by the hotel. This distinction is important, according to Ramada, because it indicates that the restaurant in *Hotel Properties* was an operation independent of the hotel. In the instant case, Ramada argues, the restaurant was not a separate operation, but was instead a "vital part of the hotel operation, each operation being mutually dependent upon each other, *citing Studley Box and Lumber Co. v. National Fire Insurance Co.*, 85 N.H. 96, 154 A. 337 (1931). In *Studley*, a fire in a stable burned some of the horses which were used in the operation of the lumber plant. Without the horses, the plant was unable to continue its operations. The court held that the insured would be compensated for the partial suspension of his business.

Ramada's argument misconstrues the nature of the business interruption policy and the concept of mutual dependency. In *Studley*, the court said the purpose of the policy is to "insure against consequential loss to the insured's business carried on in the property destroyed or damaged by fire." 154 A. at 338. This definition is restated in an insurance treatise which says that the purpose of a business interruption policy is to indemnify the insured "for loss caused by the interruption of a going business consequent upon the destruction of the building, plant, or parts thereof.... This type of insurance is usually called use and occupancy insurance." 1 G. Couch, Couch on Insurance, § 1:28 (2d ed. 1984). Use and occupancy insurance is defined as indemnification for "any loss sustained by the insured because of his inability to continue to use specified premises or his inability to keep the premises occupied by a tenant." *Id.* at 1:113.

These definitions indicate that recovery is intended when the loss is due to inability to use the premises where the damage occurs. They are consistent with the court's determination of mutual dependency in *Studley* as well. Without the horses, the lumber plant was forced to suspend a portion of its operation. This is not the situation in the instant case where the hotel operation was able to accommodate the same number of patrons, albeit their actual number of customers may have been reduced.

The concept of mutual dependency is more appropriately applied to the four hotel buildings, which together comprise a single unit. If any one of them were sufficiently damaged, a portion of the hotel operation would be suspended. The insurance policy clearly provides for this situation by allotting an aggregate sum which encompasses damage to any one of the four buildings.

The restaurant here is listed separately in the insurance policy, evidencing the intent of the parties to treat it as a separate entity. The fact that Ramada made no attempt to rebuild the restaurant would seem to weigh against its argument of mutual dependency. This case does not present a situation like *Studley*, where fire in one building caused an actual cessation of operations in another building. Instead, the fire in the restaurant caused a loss of business in the hotel, but the court held in *Hotel Properties* that this type of loss is not covered by a business interruption policy. Other courts' decisions cited in *Hotel Properties* have resolved this issue similarly. *Accord, National Children's Expositions Corp. v. Anchor Insurance Co.*, 279 F.2d 428 (2d Cir.1960) (recovery denied under insured's use and occupancy policy for reduction in attendance due to severe snowstorm, since building was open during entire period in question; court held recovery unavailable in absence of interruption in use and occupancy of building); *see Howard Stores Corp. v. Foremost Insurance Co.*, 82 A.D.2d 398, 441 N.Y.S.2d 674 (1981), *aff'd*, 56 N.Y.2d 991, 453 N.Y.S.2d 682, 439 N.E.2d 397 (1982) (recovery denied for water damage to business where there was no actual suspension of business, but rather an alleged adverse effect on continuing sales); *Pacific Coast Engineering Co. v. St. Paul Fire & Marine Insurance Co.*, 9 Cal.App.3d 270, 88 Cal.Rptr. 122 (1970) (purpose of business interruption insurance is to indemnify for loss due to inability to continue to use specified premises); *Rothenberg v. Liberty Mutual Insurance Co.*, 115 Ga.App. 26, 253 S.E.2d 447 (1967) (recovery under business interruption policy

denied where theft of merchandise resulted in loss of business; court held insured had not suffered an interruption of business, but rather a diminution in volume).

In view of its factual similarity to the instant case, the *Hotel Properties* decision dictated the summary judgment in favor of the insurance company.

AFFIRMED.