■ ALORNA COAT CORP., Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant.—Judgment, Supreme Court, New York County (John Doyle, J.), entered July 6, 1989, which, after a jury trial, awarded plaintiff damages totaling $340,658.56, unanimously affirmed, with costs.

In this action for breach of a contract of insurance covering business interruptions, plaintiff served its claim more than one year, but less than two years, after the occurrence. Although the policy contained a one-year contractual limitations period, defendant did not assert any affirmative defense on this ground, as defendant regarded the two-year limitation imposed under the standard fire insurance policy required by

Insurance Law § 3404 (e) as controlling. However, shortly before trial, the United States District Court for the Southern District held that a business interruption loss, even if resulting from fire, is controlled by the one-year limitation on the contract, rather than by the two-year statutory limitation *(Fox-Knapp, Inc. v Employers Mut. Cas. Co.,* 725 F Supp 706, 709, *affd* 893 F2d 14).

The IAS court properly denied defendant's motion to interpose an affirmative defense based on *Fox-Knapp (supra).* Defendant has not demonstrated persuasively that the action is time barred; rather, it relies on a purported change in the law based on a Federal decision that is not binding on State courts. To the extent that the *Fox-Knapp* decision was purportedly based on existing New York State law, those sources existed prior to the defendant's motion, and the defendant could have relied on them at any time, rather than actively contending that a two-year limitation of action controlled.

The trial evidence demonstrates that the insured met its burden of establishing both the damage resulting from the business interruption and the applicability of the policy to that damage *(see, Howard Stores Corp. v Foremost Ins. Co.,* 82 AD2d 398, *affd* 56 NY2d 991).

We have considered defendant's other arguments, and find them to be without merit. Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Smith, JJ.