[No. 11414-7-III.    Division Three.    June 25, 1992.]

RALPH H. KEETCH, ET AL, *Respondents,* v. MUTUAL OF ENUMCLAW INSURANCE COMPANY, *Appellant.*

*William W. Spencer, Ronald L. Unger,* and *Murray, Dunham & Murray,* for appellant.

*Jerry L. Kagele* and *Kagele Law Office,* for respondents.

SWEENEY, J. — Mutual of Enumclaw (Mutual) appeals a judgment awarding damages for business interruption to Ralph and Diane Keetch. The trial court concluded Mutual's loss of earnings endorsement afforded coverage under the facts presented by this case. We disagree and reverse.

FACTUAL BACKGROUND

The Keetches own and operate the Colwell Motel in Ritzville. On May 18, 1980, Mount St. Helens erupted and released volcanic ash into the atmosphere. Although the motel and Ritzville were buried in 6 inches of ash, the motel remained open.

By July 1, the Keetches had cleaned up the ash which first fell on the motel. They, however, were required to continue cleanup efforts through 1980 because blowing winds scattered the remaining ash onto and into the motel premises. The Keetches incurred cleanup and repair expenses of $7,468.10.

Mutual insured the Colwell Motel. The policy included a loss of earnings endorsement which provided:

1. . . . this policy is extended to insure against loss of earnings resulting directly from necessary interruption of business caused by the perils insured against damaging or destroying . . . real or personal property . . . at the premises . . .
2. The Company shall be liable for:
   a. the actual loss sustained by the insured resulting directly from necessary interruption of business . . . for only such length of time as would be required with the exercise of due diligence and dispatch to rebuild, repair or replace such part of the property herein described as has been damaged or destroyed . . . Due consideration shall be given to the continuation of normal charges and expenses, . . . to the extent necessary to resume operations of the insured with the

same quality of service which existed immediately preceding the loss; and

. . . .

. . . .

4. Resumption of Operations: It is a condition of this insurance that if the insured could reduce the loss resulting from the interruption of business:

    a. by complete or partial resumption of operation of the property herein described, whether damaged or not, . . .

. . . .

such reduction shall be taken into account in arriving at the amount of loss hereunder.

The Keetches claimed a business interruption loss because the number of motel guests decreased in 1980. Mutual agreed the Mount St. Helens volcanic eruption was an occurrence within the terms of the policy and that coverage extended to the Keetches' cleanup and repair expenses. Mutual denied coverage for business interruption loss.

The matter was tried to the court, which found the motel sustained damage as a result of the ash fall:

Some of this damage, such as the destroyed plants and shrubs, were not replanted until the fall of 1980. Because of the ash fall, and the succeeding ash blowing onto the premises during 1980, the physical appearance and physical attractiveness of the motel was damaged.

The court concluded that as a result of the ash, the Keetches suffered a partial business interruption in 1980. After hearing testimony on the motel's income trends, the court awarded the Keetches judgment for $11,407.51.

BUSINESS INTERRUPTION COVERAGE

Mutual contends the loss of earnings endorsement does not provide coverage because the motel was not required to suspend operations following the eruption. Mutual further asserts that any business interruption loss must directly result from damage to the motel. The Keetches maintain the endorsement provides coverage because the motel was damaged as a result of the eruption, and the quality of service at the motel was reduced during the cleanup.

The essential nature and purpose of a business interruption policy is to protect the earnings which an insured

would have enjoyed had there been no interruption of business. *Northwestern States Portland Cement Co. v. Hartford Fire Ins. Co.*, 360 F.2d 531 (8th Cir. 1966). Business interruption coverage indemnifies an insured for losses sustained because of his or her inability to continue to use specified premises. 1 R. Anderson, *Couch on Insurance* § 1:113, at 275 (2d ed. 1984); *Great Northern Oil Co. v. St. Paul Fire & Marine Ins. Co.*, 303 Minn. 267, 227 N.W.2d 789 (1975).

Mutual cites substantial authority in support of its position. *Ramada Inn Ramogreen, Inc. v. Travelers Indem. Co. of Am.*, 835 F.2d 812 (11th Cir. 1988) (decrease in hotel's room occupancy due to restaurant fire was not covered under business interruption policy); *National Children's Expositions Corp. v. Anchor Ins. Co.*, 279 F.2d 428, 83 A.L.R.2d 879 (2d Cir. 1960) (unprecedented snowstorm reduced attendance at exposition; no partial business interruption loss within terms of policy); *Pacific Coast Eng'g Co. v. St. Paul Fire & Marine Ins. Co.*, 9 Cal. App. 3d 270, 88 Cal. Rptr. 122 (1970) (barge in process of being manufactured destroyed by explosion; coverage granted for only 2-day period plant closed); *Hotel Properties, Ltd. v. Heritage Ins. Co. of Am.*, 456 So. 2d 1249 (Fla. Dist. Ct. App. 1984) (hotel claimed occupancy of rooms decreased by closing of restaurant due to fire; no coverage provided because no actual suspension of hotel's business), *review denied*, 464 So. 2d 555 (Fla. 1985); *Rothenberg v. Liberty Mut. Ins. Co.*, 115 Ga. App. 26, 153 S.E.2d 447 (1967) (no business interruption coverage for loss of profits due to burglary); *Howard Stores Corp. v. Foremost Ins. Co.*, 82 A.D.2d 398, 441 N.Y.S.2d 674 (1981) (business interruption coverage denied to insured whose store was damaged by water; business was not forced to suspend retail operation), *aff'd*, 56 N.Y.2d 991, 439 N.E.2d 397, 453 N.Y.S.2d 682 (1982).

We find these decisions persuasive. As stated in *Pacific Coast Eng'g Co. v. St. Paul Fire & Marine Ins. Co.*, *supra* at 275, the purpose of business interruption insurance is to indemnify for loss due to inability to continue to

use specified premises. Here, the Colwell Motel did not suspend its business activity; its business was not interrupted as provided for in the loss of earnings endorsement.

The Keetches attempt to distinguish the authorities cited by Mutual on the basis that here the court found the motel sustained actual damage. The policy, however, is clear — it "insure[s] against loss of earnings resulting *directly* from necessary interruption of business caused by the perils insured against . . .". (Italics ours.) The damage to landscape or shrubbery did not directly result in a business interruption loss. The motel had the same number of rooms available both before and after the eruption; none of the motel rooms were unavailable because of ash damage.

Nor does the endorsement afford coverage because the motel's quality of service was reduced during the cleanup period. Paragraph 2(a) of the loss of earnings endorsement provides: "Due consideration shall be given to the continuation of normal charges and expenses, . . . to the extent necessary to resume operations of the insured with the same quality of service which existed immediately preceding the loss". Quality of service is merely one factor for Mutual to consider in determining the amount it is ultimately obligated to pay. The endorsement does not provide that coverage exists because the motel's quality of service may be diminished by an occurrence.

We find further support for Mutual's position in paragraph 4 of the endorsement:

> It is a condition of this insurance that if the insured could reduce the loss resulting from the interruption of business:
> a. by complete or partial resumption of operation of the property herein described, whether damaged or not . . .
> . . . .
> such reduction shall be taken into account in arriving at the amount of loss hereunder.

By requiring the insured to mitigate the loss and resume operations as soon as practicable, the endorsement implies that a business interruption loss has forced the insured to cease business operations.

Mutual concedes coverage for and has paid cleanup and repair costs. The trial court erred in holding the Keetches suffered a business interruption covered by their loss of earnings endorsement.

We reverse.

SHIELDS, C.J., and THOMPSON, J., concur.