■ 54TH STREET LIMITED PARTNERS, L.P., et al., Appellants, v FIDELITY AND GUARANTY INSURANCE COMPANY, Respondent. [763 NYS2d 243] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered June 28, 2002, which granted defendant's motion for partial summary judgment, dismissing plaintiff's first cause of action to the extent that it sought damages for alleged loss of business due to business interruption beyond December 8, 1997, and denied plaintiff's cross motion for partial summary judgment, unanimously affirmed, without costs.

Contrary to plaintiff's contention, the language of the subject policy clearly and unambiguously provides that for business interruption coverage to be triggered, there must be a "necessary suspension," i.e., a total interruption or cessation (*see Buxbaum v Aetna Life & Cas. Co.*, 103 Cal App 4th 434, 444, 126 Cal Rptr 2d 682, 688 [2002], *review denied* 2003 Cal LEXIS 225 [2003]; *Keetch v Mutual of Enumclaw Ins. Co.*, 66 Wash App 208, 831 P2d 784 [1992]; *American States Ins. Co. v Creative Walking, Inc.*, 16 F Supp 2d 1062 [1998], *affd* 175 F3d 1023 [1999]; *Royal Indem. Ins. Co. v Mikob Props., Inc.*, 940 F Supp 155 [1996]; *Home Indem. Co. v Hyplains Beef*, 893 F Supp 987, 991-992 [1995], *affd* 89 F3d 850 [1996]), of the insured's business operations.

Plaintiff's claim for coverage under the "civil authority" provision of the policy was properly limited to plaintiff's loss of income while access to its premises was denied by an act of civil authority, which occurred only on December 7 and 8, 1997. Thereafter, although vehicular and pedestrian traffic in the area was diverted, access to the restaurant was not denied; the restaurant was accessible to the public, plaintiff's employees and its vendors (*see 730 Bienville Partners, Ltd. v Assurance Co. of Am.*, 2002 WL 31996014, 2002 US Dist LEXIS 18780 [ED La., Sept. 30, 2002], *affd* 2003 US App LEXIS 8570 [5th Cir, Apr. 29, 2003]; *St. Paul Mercury Ins. Co. v Magnolia Lady, Inc.*, 1999 WL 33537191, 1999 US Dist LEXIS 17895 [ND Miss, Nov. 4, 1999]).

The IAS court properly found that issues of fact precluded a grant of summary judgment on plaintiff's claim for extra expenses.

We have reviewed plaintiff's remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Rosenberger, Friedman and Marlow, JJ.