■ ROYAL INDEMNITY COMPANY, Respondent, v RETAIL BRAND ALLIANCE, INC., as Successor in Interest to BROOKS BROTHERS, INC., et al., Appellants. RETAIL BRAND ALLIANCE, INC., Third-Party Plaintiff-Appellant, v ROYAL & SUN ALLIANCE INSURANCE, PLC, Third-Party Defendant-Respondent. [822 NYS2d 268]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered February 27, 2006, which granted plaintiff Royal Indemnity (Royal US) and third-party defendant Royal & Sun Alliance (Royal UK) partial summary judgment declaring that coverage under the respective master and local property insurance policies extended only to defendant insured's business income loss during the time needed to reopen the subject store, plus an additional 30 days, unanimously affirmed, with costs.

The unambiguous language of the business income loss provision of the local policy issued by Royal US provides that in addition to the requirement that the "suspension must be caused by direct physical loss of or damage to property at or within 500 feet of insured 'Premises and Location(s),' " which triggers coverage, there must be "actual loss of Business Income . . .

due to the necessary suspension of your 'operations' . . . during the 'period of restoration.' " Once the store resumed operations on September 12, 2002, a year after the terrorist attack on the World Trade Center, the business income coverage terminated, regardless of whether the insured's income was back up to preloss levels (*see 54th St. Ltd. Partners v Fidelity & Guar. Ins. Co.*, 306 AD2d 67 [2003]; *Madison Maidens, Inc. v American Mfrs. Mut. Ins. Co.*, 2006 WL 1650689, *2-3, 2006 US Dist LEXIS 39633, *7-9 [SD NY 2006]). The motion court correctly rejected defendant's argument that business income coverage should continue until the World Trade Center is or should have been rebuilt (*see Streamline Capital, L.L.C. v Hartford Cas. Ins. Co.*, 2003 WL 22004888, *7-8, 2003 US Dist LEXIS 14677, *23-27 [SD NY 2003]).

The master policy issued by Royal UK provides extended business income coverage beginning on "the date property . . . is actually repaired rebuilt or replaced and Operations are resumed and ends [subject to a 36-month cap] on the date the Business could have been restored with reasonable speed to the condition that would have existed if no Incident had occurred." However, coverage is unambiguously subject to the limitation that the "Loss of Business Income must be caused by an Incident at the Premises," which is defined in the master policy as "loss or destruction of or damage to property used by the Insured at the Premises for the purpose of the Business." Here, the insured seeks coverage based on damage to the World Trade Center, property belonging to a nonparty to this action, and the motion court correctly declared this was beyond the scope of the extended business income coverage.

The master policy also provides coverage for "Restriction of Access and Loss of Attraction," i.e., loss "resulting from interruption of or interference with the Business in consequence of loss destruction or damage to property" in the vicinity of the premises which shall "prevent or hinder the use of the Premises or access thereto," or, subject to a 12-month cap, "cause a fall in the number of customers attracted to the vicinity of the Premises." The "Indemnity Period" begins "when the Incident occurs" and ends "when the results of the business cease to be affected in consequence" thereof.

It is undisputed that the store reopened on September 12, 2002 and has been in continuous operation ever since. Thus, it is clear that destruction of the World Trade Center has not "prevented" the use of or access to the store after it reopened. While the insured claims that access was hindered because, among other things, one entrance was closed and there was

scaffolding on the building, there is no proof that the entrance that remained open was insufficient to accommodate all customer needs. Thus, while the World Trade Center is no longer in existence, there is no indication that its absence hampered or delayed anyone's ability to enter the store and make a purchase, or prevented suppliers from delivering merchandise. Furthermore, insofar as the insured casts its claim as a "classic" loss of attraction, that coverage has a 12-month cap, and here the store reopened a year and a day after the September 11, 2001 attacks.

We have considered the insured's other arguments and find them without merit. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Catterson, JJ.