■ THE CHILDREN'S PLACE RETAIL STORES, INC., Appellant, v FEDERAL INSURANCE COMPANY, Respondent. [829 NYS2d 500]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered October 11, 2006, which, inter alia, granted defendant's motion for partial summary judgment, declaring that the subject business interruption policy provides coverage for the period it would have taken plaintiff insured to resume at a different location with all reasonable speed the business formerly conducted at its World Trade Center store, unanimously affirmed, with costs.

Plaintiff insured, having elected not to relocate after its World Trade Center location was destroyed on September 11, 2001, is entitled to business interruption coverage for the period of time it would have reasonably taken to resume operation at a different location. It is not entitled under the policy to coverage from the date of the store's destruction until the date it would have been able to achieve its pre-9/11 income, nor does the policy, reasonably construed, entitle it to coverage until the World Trade Center is rebuilt. Contrary to plaintiff's contention, the policy does not specifically identify the World Trade Center location and no request was made by plaintiff to afford that location heightened coverage, tied in duration to the restoration of the store's original location (see e.g. Royal Indem. Co. v Retail Brand Alliance, Inc., 33 AD3d 392 [2006]; Duane Reade, Inc. v St. Paul Fire & Mar. Ins. Co., 411 F3d 384, 391-398 [2005]; Lava Trading Inc. v Hartford Fire Ins. Co., 365 F Supp 2d 434 [SD NY 2005]; Streamline Capital, L.L.C. v Hartford Cas. Ins. Co., 2003 WL 22004888, 2003 US Dist LEXIS 14677 [SD NY 2003]). Concur—Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.