■ YAR-LO, INC., Doing Business as MERLE NORMAN COSMETICS, Appellant, v TRAVELERS INDEMNITY COMPANY et al., Respondents. [14 NYS3d 577]—

Clark, J. Appeal from an order of the Supreme Court (Caruso, J.), entered June 4, 2014 in Schenectady County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a franchise business specializing in the sale of cosmetics, commenced this action in December 2006 pursuant to its insurance policy with defendants, seeking damages related to a sewage flood on the insured premises located in Stuyvesant Plaza in the City of Albany. Specifically, plaintiff alleged that, in or about December 2004, the system used to eject sewage water from plaintiff's business malfunctioned, causing substantial damage to portions of plaintiff's premises, eventually forcing it to terminate its rental lease and vacate the property. Plaintiff further alleged that, beginning in April 2005, it was forced to suspend all business operations due to the aforementioned damage and, as a result, it suffered $183,435 in lost business income and over $6 million in consequential damages for the purported demise of its business. After issue was joined, defendants moved for summary judgment dismissing the complaint, which motion Supreme Court granted on the ground that plaintiff's cessation of its

business was not directly related to the covered loss as required by its insurance policy. The court also determined that plaintiff was not entitled to consequential damages because it could not establish the requisite causal connection between such damages and defendants' purported breach of contract. Plaintiff appeals, and we affirm.

"The purpose of business interruption insurance is to indemnify the insured against losses arising from inability to continue normal business operation and functions due to the damage sustained as a result of the hazard insured against" (*Howard Stores Corp. v Foremost Ins. Co.*, 82 AD2d 398, 400 [1981], *affd* 56 NY2d 991 [1982] [citations omitted]; *see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 194 [2008]). Under the terms of plaintiff's insurance policy, plaintiff is entitled to compensation for lost business income only if it is forced to suspend its operations due to a hazard against which it is insured. Here, defendants presented prima facie evidence that plaintiff was never forced to close as a result of the malfunction of the sewage system and that Stuyvesant Plaza had repaired the damage caused by the malfunction by the end of December 2004. Rather, despite the remediation, plaintiff's owner decided to terminate its lease, vacate the premises and cease operations in April 2005.

In response to defendants' motion, plaintiff failed to raise a question of fact. While plaintiff contends that it was forced to sell its inventory at a discounted rate and terminate its lease due to the damage, we find that plaintiff failed to present any evidence to demonstrate that such actions were a result of the covered loss. Thus, we agree with Supreme Court that defendants are entitled to summary judgment on the issue of business interruption loss (*see Howard Stores Corp. v Foremost Ins. Co.*, 82 AD2d at 401-402).

Turning to plaintiff's claim for consequential damages, "consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (*Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008] [internal quotation marks and citation omitted]; *see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d at 192-193). We agree with Supreme Court that no issue of fact exists as to whether the parties contemplated consequential damages in the event that plaintiff's owner decided to close the business when its operations could have continued. Additionally, as

previously noted, plaintiff has failed to adduce any evidence beyond conjecture and speculation that connects its purported loss to the December 2004 incident (*see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d at 193). Accordingly, defendants are entitled to summary judgment on the issue of consequential damages.

Lahtinen, J.P., McCarthy and Rose, JJ., concur. Ordered that the order is affirmed, with costs.