New York Botanical Garden v Allied World Assur. Co. (U.S.) Inc. (2022 NY Slip Op 03871)

New York Botanical Garden v Allied World Assur. Co. (U.S.) Inc.

2022 NY Slip Op 03871

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Index No. 803872/21E Appeal No. 16127 Case No. 2021-04319 

[*1]New York Botanical Garden, Plaintiff-Respondent,
v
Allied World Assurance Company (U.S.) Inc., Defendant-Appellant.

Clyde & Co US LLP, New York (Kevin M. Haas of counsel), for appellant.
Beveridge & Diamond P.C., New York (John H. Kazanjian of counsel), for respondent.

Order, Supreme Court, Bronx County (Eddie J. McShan, J.), entered October 22, 2021, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
Plaintiff is a non-profit organization which conducts research and education about plant science, and maintains a 250 acre botanical garden in the Bronx open to the public. Defendant Allied World Assurance Company (U.S.) Inc. (AWA) issued a Pollution Legal Liability policy to plaintiff. Under the policy, "contingent business interruption" is defined as "the necessary suspension of your business operations at a location owned or leased to you as a result of an order by a government body or authority denying access to the location . . . provided that" the suspension and the order must be "caused solely and directly by a pollution incident on, at or under an independent location." "Independent location" is defined as "a location that is not and was not at any time a location owned, leased, managed, operated or used by an insured."
Plaintiff sought coverage under the policy for "contingent business interruption" loss which it claimed resulted from governmental orders shutting down its operations in response to COVID-19. Defendant denied the claim in full, although it acknowledged that "COVID-19 constitutes a 'pollution incident' as defined in the Policy." Plaintiff then sued, seeking a declaration that AWA was required to pay its business interruption losses. It also asserted a breach of contract claim, premised on AWA's denial of coverage, and a cause of action for breach of implied covenant of good faith and fair dealing. The motion court denied defendant's motion to dismiss pursuant to CPLR 3211(a)(1) and (7). Defendant failed to establish that, under the terms of the insurance policy it issued to plaintiff, contingent business interruption coverage was available only if plaintiff was completely denied access to its property. The policy contemplates coverage for periods when plaintiff would have some temporary access to the property, including periods involving potential partial resumption of operations to mitigate damages, which for plaintiff included maintaining its extensive plantings (see generally Matter of Viking Pump., Inc., 27 NY3d 244, 257 [2016]; Westchester Fire Ins. Co. v Schorsch, 186 AD3d 132, 140 [1st Dept 2020], appeal withdrawn 37 NY3d 990 [2021]). The cases relied upon by defendant, which involve civil authority coverage in property liability policies and periods of complete denial of access due to physical damage are inapposite (see e.g. 54th St. Ltd. Partners v Fidelity & Guar. Ins. Co., 306 AD2d 67, 67 [1st Dept 2003]). Defendant also failed to establish that the executive orders denying access were not solely and directly the result of a pollutant at an "independent location," within the meaning of that term of the policy.
The complaint states a cause of action for breach of the implied covenant of good faith [*2]and fair dealing by alleging that defendant did not conduct a complete or fair investigation of its claim, had no meritorious basis for denying the claim, and simply denied it in accordance with a business policy of denying COVID-related business interruption claims (see Bi-Economy Mkt., Inc. v Harleysville Co. of N.Y., 10 NY3d 187, 195 [2008]; East Ramapo Cent. Sch. Dist. v New York Schs. Ins. Reciprocal, 199 AD3d 881, 885 [2d Dept 2021]; Prospect St. Ventures I, LLC v Eclipsys Solutions Corp., 23 AD3d 213, 213 [1st Dept 2005]). The breach of the implied covenant claim is not duplicative of the breach of contract claim, since, although there is some overlap in the facts alleged, it relies upon different facts and seeks different damages from the contract claim (see Bi-Economy, 10 NY3d at 191-192; D.K. Prop., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa., 168 AD3d 505, 507 [1st Dept 2019]; Bostany v Trump Org. LLC, 73 AD3d 479, 481 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022